**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Grant W. SMITH, Defendant-Appellant.**
**No. 12099.**

United States Court of Appeals
Seventh Circuit.

Feb. 27, 1958.

Rehearing Denied April 8, 1958.

---

8. See F. T. C. v. Ruberoid Co., 343 U.S. 470, 475, 72 S.Ct. 800, 96 L.Ed. 1081.

Charles A. Bellows, Jason Ernest Bellows, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., D. Arthur Connelly, Asst. U. S. Atty., Chicago, Ill., of counsel, for appellee.

Before MAJOR, SCHNACKENBERG and PARKINSON, Circuit Judges.

PARKINSON, Circuit Judge.

The defendant was charged in a two count indictment with violations of the White-Slave Traffic Act, Title 18 U.S. C.A. § 2422. Count One charged a violation on or about January 31, 1957 and Count Two on or about February 28, 1957.

Trial was to a jury resulting in a general verdict of guilty. The Court entered judgment on the verdict and sentenced the defendant to five years on Count One and five years on Count Two, the sentences to run concurrently. This appeal followed.

The defendant seeks reversal on the grounds that the trial court erred in overruling his challenge to the array; insufficiency of the evidence to support the verdict; that the opening statement of the United States Attorney to the jury prejudiced defendant's right to a fair trial; and error of the trial court in refusing to grant the defendant a new trial because of false testimony.

The challenge to the array was grounded on alleged illegality in the selection and drawing of the jurors. The defendant attempted to prove that the jury officials failed to select jurors representing a cross-section of the community. The Clerk of the Court was the only witness offered by the defendant to so prove. He testified as to the meth-

od employed and stated without equivocation that no economic, social, religious, racial, political or geographical group was excluded. The defendant failed completely to sustain his contention. This was fatal to his challenge to the array. Glasser v. United States, 1942, 315 U.S. 60, 87, 62 S.Ct. 457, 86 L.Ed. 680.

The evidence did show that names of volunteers were included. However, there was no evidence that there were any volunteers on the panel summoned in this case. Even if there were it would not constitute a good ground for a challenge to the array because the entire panel would not be affected. Any legally disqualified juror on the panel could have been eliminated on a challenge for cause. There is no showing that any such challenge was made and overruled by the trial court.

The defendant failed to prove any vitiating defect or irregularity in the selection, drawing or impaneling of the jury and the trial court committed no error in denying the challenge to the array.

The contention of the defendant that the evidence is insufficient to support the verdict must be viewed against the backdrop of certain well settled rules of law. First, we can not resolve conflicts in the evidence nor inquire into the credibility of the witnesses and are required to sustain the verdict if there is substantial evidence, taking the view most favorable to the government, to support it. United States v. Green, 7 Cir., 1957, 246 F.2d 155, 157. Second, a verdict of guilty will be sustained if based on more than one count of an indictment and is valid as to any one of the counts. United States v. Trenton Potteries Company, 1926, 273 U.S. 392, 402, 47 S.Ct. 377, 71 L.Ed. 700. Third, a judgment thereon will not be reversed where the sentences on the counts are for equal terms and are to run concurrently. Maddelin v. United States, 7 Cir., 1931, 46 F.2d 266, 269; Kramer v. United States, 9 Cir., 1945, 147 F.2d 202.

The evidence, when viewed in its aspects most favorable to the government, is that Mae Frances Norwood, also known as Faye Jackson and Louise Young, is a prostitute and that she and the defendant met for the first time at the Pershing Hotel in Chicago several months prior to the trial. Meeting a week or two thereafter, they had drinks together and she decided to be his "girl friend" and that association continued for four or five months. On or about January 30, 1957, after talking with some of her girl friends, she decided to go to Waynesville, Missouri with them. She called the defendant by telephone and asked his permission. He said it was "O.K." with him and he told her to come over to his house and get the money for the trip. She did so and the defendant gave her $15.00. She and Joanne, another prostitute, then went to the Pershing Hotel and got Bertha, another girl who was going with them, and the three of them took an Illinois Central train to Saint Louis, Missouri. After stopping at the house of Bertha's mother in Saint Louis they took the bus to Waynesville and went to the Cactus Club where she engaged in acts of prostitution that night for which she received $219, of which she gave $195 to the defendant upon her return to Chicago.

On or about February 27, 1957 she and the defendant had a conversation, in the apartment the defendant had for her, concerning her return to Waynesville and she testified "[w]ell, he just told me, at least we were talking about it, going back to Waynesville, because he said there wasn't any money in Chicago, and that was a nice time to go by myself, and he said it would be all right for me to go by myself, and he give me money to go." The defendant gave her $20.00 and she went again committing acts of prostitution for which she received $175. She sent $100 of this amount by Western Union to the defendant from Saint Louis. She later returned to Chicago and had a conversation with the defendant in her apartment. An argument ensued resulting in a fight

in which she was hit by a bottle thrown at her by the defendant causing a serious face wound.

The evidence, therefore, establishes that on February 27, 1957, the relationship of prostitute and panderer existed between the Norwood woman and the defendant. The defendant gave the Norwood woman the money to go from Illinois to Missouri by common carrier for the purpose of prostitution on January 30, 1957. She returned to Chicago and gave the defendant $195 of the $219 earned by her acts of prostitution in Missouri. Although we agree that the evidence was insufficient to support the verdict on Count One of the indictment such is not the case of Count Two.

The jury had the right to draw the inference from the conversation of February 27, 1957 that what the defendant was talking about was that "there wasn't any money in Chicago" in her business of prostitution. There is no other reasonable inference to be drawn. She went to Waynesville, Missouri immediately thereafter on the money furnished by the defendant for the purpose of prostitution.

The evidence proves that the Norwood woman went from Chicago, Illinois to Waynesville, Missouri as charged in Count Two of the indictment and that she did so because of the defendant's express desire and inducement. Webster's New International Dictionary, Second Edition Unabridged 1958, defines induce to lead on; to influence; to prevail on; to move by persuasion or influence. The defendant induced her to go for the purpose of prostitution and furnished the money therefor. The proof, therefore, was sufficient to justify the submission of the issue on Count Two of the indictment to the jury. United States v. Barton, 2 Cir., 1943, 134 F.2d 484.

■ The defendant complains of portions of the opening statement to the jury by the United States Attorney whereby he claims he was prejudiced in his right to a fair trial. In his opening statement Mr. Connelly, the prosecutor, told the jury what he believed the evidence would show and it did not do so in some particulars. It has been held that the failure of the district attorney to sustain his opening statements could not be prejudicial to the defendant but rather to the government. Nichamin v. United States, 6 Cir., 1920, 263 F. 880.

■ In his summation to the jury counsel for the defendant said:

"He has a right to say what he thinks the evidence might disclose, but you can't convict a defendant on the prosecutor's opening statement. You must find your verdict solely upon the evidence that was introduced in this case, and what does the evidence show? Mr. Connelly, and I think he is a very fine gentleman, as he is fair and has done the best he could with what I think is a very bad case for the government, * * *."

The defendant is in no position to now contend that the prosecutor was unfair or was acting in bad faith. The record is to the contrary. Counsel for the defendant said in open court that the prosecutor was fair and had the right to do the very thing about which the defendant would now complain. Under such circumstances we cannot say that the declarations, admittedly made by the prosecutor in good faith, amounted to misconduct and constituted reversible error. United States v. Lanza, 2 Cir., 1936, 85 F.2d 544; United States v. Moran, 2 Cir., 1952, 194 F.2d 623.

The remaining contention of the defendant that "the court erred in refusing to grant defendant a new trial where it was shown that the government's witness committed perjury" completely collapses because the ineffectual affidavit of Faye Jackson does not in any manner show that her testimony should be discredited.

■ A motion for new trial is addressed to the sound discretion of the trial court and its action thereon will not be reviewed on appeal except in the case of a clear abuse of such discretion. Apodoca v. United States, 10 Cir., 1951, 188 F.2d 932; Adams v. United States, 9 Cir., 1951, 191 F.2d 206.

The trial judge heard the evidence introduced at the trial and had before him the affidavit attached to the supplementary motion for new trial. Counsel for the defendant informed the Court on the hearing on the motion for new trial that "I feel as Mr. Connelly does that these recantations are to be looked upon with suspicion." Even if the affidavit had stated a clear denial of the affiant's testimony the trial judge said in denying a new trial:

"If I were not sure that the jury were right I would give him a new trial, but I am sure they were right. I am sure that he is living off the earnings of this woman, and I am sure that he induced her to change her story."

We are satisfied that the trial court did not abuse its discretion and committed no error in denying the defendant a new trial.

The judgment as to Count One of the indictment is reversed and as to Count Two of the indictment the judgment is affirmed.