**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**George WILLIAMS, Defendant-Appellant.
No. 12621.**

United States Court of Appeals
Seventh Circuit.

Sept. 29, 1959.

Rehearing Denied Nov. 18, 1959.

---

Lucas T. Clarkston, Maurice Scott, Jr., Chicago, Ill., for defendant-appellant.

Robert Tieken, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for appellee, Robert N. Johnson, Asst. U. S. Atty., Chicago, Ill., of counsel.

Before DUFFY, SCHNACKENBERG and PARKINSON, Circuit Judges.

PARKINSON, Circuit Judge.

Defendant-appellant George Williams was charged originally in a six-count indictment with violations of the narcotic laws. Counts 1, 3 and 5 charged Williams with sales of heroin in violation of Title 26 U.S.C.A. § 4705(a) on September 4, 1958, September 16, 1958 and October 16, 1958, respectively, and Counts 2, 4 and 6 with violations of Title 21 U.S.C.A. § 174 on the same dates, respectively.

Prior to trial Count 5 was dismissed on motion of the Government. Thereupon Count 6 was renumbered 5. Williams, having pleaded not guilty, was tried to a jury on the indictment in five counts. The jury returned a general verdict of "guilty as charged in the indictment", and the District Court imposed a sentence of seven years on the general verdict. This appeal followed.

Williams contends that the verdict is "manifestly against the evidence" as there was not sufficient evidence that the defendant was the person with whom Mattingly dealt in the purchase of the narcotics, and Government's Exhibits 2A, 4A and 6A were improperly admitted into evidence; and that the Trial Court committed prejudicial and reversible error in its examination of witnesses, comments on the evidence and expressions of agreement with statements of the Government's attorney, in failing to correct and admonish the Government's attorney for his alleged improper remarks and in its charge to the jury.

It is settled beyond cavil that a general sentence on a conviction under an indictment in several counts will be upheld if the penalty imposed does not exceed that prescribed for any one count, if that count be good and warrants the judgment, and the evidence sustains the conviction thereon. United States v. Cephas, 7 Cir., 1959, 263 F.2d 518, 519.

The sufficiency of Count 3 is not questioned and the penalty on conviction of a first offender for a violation of Title 26 U.S.C.A. § 4705(a), as charged therein, is a maximum of twenty years imprisonment and a $20,000 fine. The penalty is the same for each of the other four counts of the indictment.

Count 3 charged Williams with a $400 sale of heroin to William Mattingly on or about September 16, 1958. The evidence of the Government was that on September 15 or 16, 1958 William Mattingly, a Federal Narcotics Agent then

assigned to the Chicago office, called Williams, with whom Mattingly had previously dealt, at the apartment of Williams' girl friend and made arrangements to purchase three ounces of heroin for the sum of $400; that Williams instructed Mattingly to meet him at 11:30 that night at 47th and Drexel in Chicago; that Mattingly drove to the meeting place with Agent Dino, followed in another automobile by Agents Olexa and Wimpy, and arrived there at approximately 11:30 p. m.; that there Williams, together with another person who remained unidentified, met Mattingly; that Williams told Mattingly to get rid of Agent Dino, which he did; that Williams, the unidentified person and Mattingly then walked to the vicinity of 47th and Lake Park, where Mattingly paid Williams the $400 and received the heroin from another party, previously identified by Williams as "my boy", who walked up to Mattingly and handed it to him in a manila envelope (Government's Exhibit 4A); that Mattingly then went to 49th and Drexel, a predesignated meeting place in case of separation, rejoined Agent Olexa and they went to the Bureau of Narcotics where a field test was made resulting in a positive reaction indicating the purchased substance was an opium derivative; that it was then locked in Mattingly's desk for the night and the following morning Mattingly, in the presence of Agent Olexa, weighed the heroin, sealed Exhibit 4A in another manila envelope and delivered it to Chemist John D. Endriz; that Endriz weighed and analyzed it and found it to be 819 grains of heroin, a derivative of opium; and that the sale of the 819 grains of heroin to William Mattingly for $400 was not made in pursuance of a written order of William Mattingly on a form issued in blank for that purpose by the Secretary of the Treasury of the United States or any delegate thereof. This evidence adequately supports the conviction on Count 3 of the indictment.

Williams claims Mattingly was impeached by reason of his testimony before the Grand Jury concerning the consummation of a sale of heroin to him by Williams on October 16, 1958, as charged in the original Count 5 of the indictment which had been dismissed prior to trial, and, therefore, his testimony identifying Williams as the one from whom he made the $400 heroin purchase was insufficient to convict, in the absence of corroborating testimony. Although there is more than one reason why this claim is without merit the fact that Mattingly's identification was corroborated by the witness Olexa is dispositive thereof and the statement of any other reason would be redundant.

 Williams also claims Government's Exhibit 4A should not have been admitted in evidence because there was a discrepancy in the testimony regarding the time when Mattingly purchased the heroin from Williams and that the explanation of the chemist regarding the two numbers on the Exhibit was unworthy of belief. The $400 sale of heroin by the defendant to Mattingly was around midnight. Mattingly testified it was September 15th or 16th and Olexa testified it was September 16th. Both Mattingly and Olexa testified that the *following morning* Mattingly weighed the white powder in Government's Exhibit 4A, which he had purchased from Williams, sealed Exhibit 4A in another manila envelope and delivered it to the chemist. Both Mattingly and the chemist testified the delivery of the sealed envelope to the chemist was made on September 17th. The chemist also testified that the stamp machine slipped when he went to stamp the proper identification number 56076 on Exhibit 4A, that the machine made the number 56092 instead, that he scratched out the erroneous number 56092 and then stamped the correct number of 56076 thereon.

The District Court committed no error in admitting Government's Exhibit 4A. It was perfectly justified in considering the anachronism minor and not fatal to the admissibility of the exhibit. Likewise no error was committed in accepting the explanation of the scratched out number. The integrity of Government's Ex-

hibit 4A was sufficiently maintained to authorize the District Court to admit it in evidence. We hold that it committed no error in so doing.

 The conduct of the Trial Judge, of which Williams so turgidly complains here, was never called into question below. Detailed examination of the record in this case discloses that Williams made no complaint in the District Court "and took no steps to correct any supposedly prejudicial conduct so as to give the court a chance to correct any mistake it might have made." He attempts to raise these questions here on appeal for the first time. This he cannot do as a matter of right, United States v. Wernecke, 7 Cir., 1943, 138 F.2d 561, 564, and absent any plain errors or defects affecting the substantial rights of Williams, and there are none such here, we will not *sua sponte* activate Rule 52(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., as it would be unproductive.

Similarity of this case to the cases of United States v. Scott, 7 Cir., 1958, 257 F.2d 374 and United States v. Carmel, 7 Cir., 1959, 267 F.2d 345, cited by Williams, is inexistent. The facts are divergent and in Scott the defendant properly raised the question below and in Carmel the evidence presented a very close case as to the guilt of the defendant. Neither situation here exists. Williams made no objection to any conduct of the Trial Judge below and the evidence in this record overwhelmingly establishes the guilt of the defendant. "We must guard against the magnification on appeal of instances which were of little importance in their setting ", Glasser v. United States, 1942, 315 U.S. 60, 83, 62 S.Ct. 457, 471, 86 L.Ed. 680, and we fail to comprehend how, on this record, the alleged errors in conduct of the Trial Judge, of which Williams now complains for the first time, could have possibly influenced the jury to have reached an improper verdict. Lutwak v. United States, 1953, 344 U.S. 604, 619–620, 73 S.Ct. 481, 97 L.Ed. 593.

 Discussion of Williams' contention that the District Court erroneously instructed the jury could serve no purpose other than to unnecessarily extend this opinion as Williams made no objection to any of the instructions given nor to any portion of the charge as required by Rule 30 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. He cannot, therefore, as a matter of right, raise the question for the first time here on appeal. United States v. Kanton, 7 Cir., 1959, 264 F.2d 588, 591.

Judgment affirmed.