**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Harold MOREFIELD, Defendant-
Appellant.**

**No. 17206.**

United States Court of Appeals
Seventh Circuit.

June 16, 1969.

Reilly, Asst. U. S. Attys., Milwaukee, Wis., for appellee.

Before CASTLE, Chief Judge, HASTINGS, Senior Circuit Judge and CAMPBELL, District Judge.

CAMPBELL, District Judge.*

Appellant, Harold Morefield appeals from a judgment of conviction entered July 1, 1968 after a jury found him guilty of unlawfully taking by force and violence and intimidation the sum of $9,672.00 from the Sherwood State Bank, Sherwood Wisconsin, the deposits of which were insured by the Federal Deposit Insurance Corporation, in violation of 18 U.S.C. § 2113(a). Upon said judgment of conviction, appellant was sentenced to imprisonment for a period of twenty years.

Appellant does not challenge the sufficiency of the evidence, which consisted of the testimony of eleven witnesses, four of whom identified appellant as the armed perpetrator of the bank robbery. Appellant argues that the District Court erred in three particulars. First, that it was error to permit two government witnesses to testify that they identified appellant in a police lineup some six months after the bank was robbed. Second, that the trial court erred in admitting into evidence testimony that appellant was not at his place of employment on the date of the robbery. And finally, that it was error to permit the government to show in its cross examination of the appellant, that he had been convicted of more than one prior felony. For the reasons set forth below we reject these arguments.

■ Two government witnesses testified that they identified the appellant in a lineup some six months after the bank robbery. Appellant was represented by counsel at the lineup and apparently had the benefit of all of the constitutional guarantees as enunciated by the United States Supreme Court in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149. The testimony relating to

Harold Morefield, pro se, appellant.

Darryl K. Nevers, Milwaukee, Wis., for appellant.

James B. Brennan, U. S. Atty., Robert J. Lerner, Thomas R. Jones, Richard E.

* Chief Judge Campbell of the Northern District of Illinois is sitting by designation.

the lineup identification was properly admitted in this case.

■ Appellant also argues that it was error to permit the government during its main case to introduce testimony showing that the appellant was not at his place of employment on the day and during the time of the robbery. Essentially, appellant's argument is that it is improper to permit the government to prove where appellant was (at the robbery) by showing where he was not (at his place of employment). Not surprisingly, he cites no authority in support of his argument. The absence of the accused at his place of employment is a significant circumstance in the chain of facts indicating his possible involvement in the offense charged. It was certainly not error to permit the jury to consider and weigh this fact in ascertaining his guilt or innocence.

■ The final point argued by appellant is that the trial court erred in permitting the government on cross examination of appellant to show that he had been convicted of three prior felonies. It is well settled that a defendant who elects to testify is treated as any other witness and is subject to impeachment, including impeachment by proof of prior convictions. United States v. Plata, 361 F.2d 958 (7th Cir., 1966); 3 Wigmore On Evidence §§ 889–891. The recently promulgated and progressive Preliminary Draft of Proposed Rules of Evidence for the United States District Courts and Magistrates which have been drafted under the direction of the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States retain this well settled principle. The Advisory Committee in its notes to proposed Rule 6–09, at page 126 state:

"[t]he purpose of having the accused testify is the belief that he may be believed despite his self interest. Consequently, anything which aids in appraising his credibility must be of value. Disallowing the conviction evidence enables an accused to appear as a person whose character entitles him to credence, when the fact is to the contrary, and denies a valuable argument to the witness-accused who has no prior record."

Appellant acknowledges the almost universal acceptance of the general rule and admits that evidence of a prior felony conviction does have probative value relating to the issue of credibility. He argues, however, that this impeachment should be limited to a showing of *a* prior conviction and that it was an abuse of discretion in this case to permit a showing of three prior convictions.

At the trial the appellant was asked the following questions and gave the following answers:

Q. You have been convicted of a felony; have you not, Mr. Morefield?

A. That is correct, I have.

Q. And of more than one?

A. I have—three, to be exact.

Prior to the interrogation the trial court, out of the presence of the jury, heard arguments as to the admissibility of evidence of appellant's prior convictions. At that time the court was advised that the government's records indicated that the defendant had been convicted of counterfeiting; breaking and entering of a post office; theft; forgery of a U. S. postal money order; and robbery. The trial court in a thoughtful exercise of his discretion prohibited any inquiry as to the convictions for robbery; breaking and entering; and theft. Appellant and his counsel were advised accordingly.

■ Appellant argues that the matter of whether a criminal defendant should be permitted to be impeached by prior convictions should be left to the discretion of the trial judge and that in this case the trial judge abused that discretion by permitting reference to more than one conviction. The view that the introduction of evidence of prior convictions should be left to the discretion of the trial court is expressed in Gordon v. United States, 127 U.S.App.D.C. 343, 383 F.2d 936 (1967); and Luck v. United

States, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965). We note first that the approach of these cases has been rejected by the drafters of the Proposed Rules of Evidence for the United States District Courts and Magistrates, *supra.* But, more importantly, even in the viewpoint of those cases, there was no abuse of discretion in this case. The trial court gave careful consideration to each of the prior convictions of the defendant and the nature of each offense and gratuitously prohibited any reference to those offenses which in his judgment had less probative value on the issue of credibility. We find no error.

Accordingly, we affirm.

Donald M. Hunt, W. Gordon Dickinson, Cecil Kuhne, Lubbock, Tex., for Coulters.

Key, Carr, Carr & Clark, Lubbock, Tex., for Sears, Roebuck & Co.

Kenneth Bowlin, Alton R. Griffin, Cade, Bowlin & Griffin, Lubbock, Tex., for Warwick Electronics, Inc.

Before JOHN R. BROWN, Chief Judge, DYER, Circuit Judge, and HUNTER, District Judge.