**Lewis WARD, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 16955.**

United States Court of Appeals Seventh Circuit.

Aug. 19, 1969.

Richard C. Ver Wiebe, Fort Wayne, Ind., Lewis Ward, pro se, for petitioner-appellant.

Alfred W. Moellering, U. S. Atty., Fort Wayne, Ind., Joseph F. Eichhorn, Bluffton, Ind., for respondent-appellee.

Before MAJOR and HASTINGS, Senior Circuit Judges, and CUMMINGS, Circuit Judge.

PER CURIAM.

Lewis Ward appeals from the district court's denial of his motion, filed pursuant to 28 U.S.C.A. § 2255, for collateral relief from a criminal judgment of conviction entered by that court following a jury trial.

The record reveals that appellant Ward was charged in a two-count indictment with violating federal marihuana statutes. Count one of the indictment charged appellant with violation of 26 U.S.C.A. § 4744(a) (1). Count two of the indictment charged appellant with violation of 26 U.S.C.A. § 4742(a). Following pleas of not guilty, appellant was found guilty on both counts by a jury

verdict. Appellant was sentenced to concurrent twelve-year terms on each count. His conviction was affirmed by this court in United States v. Ward, 7 Cir., 360 F.2d 909 (1966) and the denial of a subsequently filed petition for collateral relief was affirmed by this court in United States v. Ward, 7 Cir., 387 F.2d 843 (1967).

In appellant's present § 2255 petition, he contends that his conviction violates his constitutional privilege against self-incrimination, as guaranteed by the Fifth Amendment. In substance, appellant argues that the statutory provisions upon which his conviction is premised, when considered in conjunction with other interrelated sections of the Marihuana Tax Act, are inconsistent with the limitations imposed by the Fifth Amendment privilege against self-incrimination.

In the companion case of Santos v. United States, 7 Cir., 417 F.2d 340, August 19, 1969, this court was faced with the identical issue of whether the privilege against self-incrimination provides a complete defense to convictions obtained for failure to comply with such statutory provisions.

On the basis of the reasoning set forth in the *Santos* opinion, we find that compliance with these provisions has the legal effect of exposing one to a real and appreciable risk of self-incrimination. Under the rationale of the recent Supreme Court decisions in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969); United States v. Covington, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d 94 (1969); Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed. 2d 889 (1968); Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968); Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968) and our decision today in Santos v. United States, *supra*, we are compelled to hold that the privilege against self-incrimination provides a complete defense to the appellant's convictions.

On the authority of our holding this date in the companion case of Santos v.

United States, *supra*, the judgment of the district court denying appellant's § 2255 petition is reversed, and this cause is remanded to the district court with directions to grant the relief sought in said petition and for any other action required not inconsistent with this opinion.

Reversed and remanded.