**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Bennie BRADLEY, Defendant-Appellant.**

**No. 17667.**

United States Court of Appeals, Seventh Circuit.

May 13, 1970.

James J. O'Rourke, Worth, Ill., for appellant.

Bennie Bradley, pro se.

Thomas A. Foran, U. S. Atty., Michael P. Siavelis, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, Michael B. Nash, Asst. U. S. Attys., of counsel, for appellee.

Before CASTLE, Senior Circuit Judge, and CUMMINGS and KERNER, Circuit Judges.

CASTLE, Senior Circuit Judge.

The defendant-appellant, Bennie Bradley, prosecutes this appeal from the judgment order of conviction and sentence entered following a jury trial on an in-

dictment charging him and certain named co-defendants [1] with conspiracy [2] to unlawfully transfer a quantity of marihuana not in pursuance of a written order form issued by the Secretary of the Treasury, in violation of 26 U.S.C. § 4742(a). He was sentenced to the custody of the Attorney General for a period of three years.

The appellant does not contend that the evidence, when reviewed in the light most favorable to the government (as it must be at this juncture, Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680), is insufficient to establish his participation in concert with the co-defendants in the sale and transfer of marihuana on the occasion here involved and in the negotiations and activities which preceded and culminated in the delivery of the marihuana to the government agent purchaser. And, from our examination of the record we are convinced that any such contention would be wholly devoid of merit.

What the appellant does contend is (1) that there is evidence sufficient to raise an issue of entrapment for jury consideration and that the District Court erred in not instructing the jury on the defense of entrapment, and (2) that 26 U.S.C. § 4742(a) is unconstitutional as applied to appellant in that the order form requirement of the section serves to incriminate a transferor of marihuana in violation of his Fifth Amendment rights.

At the outset, we note that the appellant did not tender or request an entrapment instruction. Failure to request an instruction has been held to constitute a waiver of right to assert error on appeal grounded on the omission of the court to give such an instruction. See: United States v. Vasen, 7 Cir., 222 F.2d 3, 7, which refers to Rule 30 of the Federal Rules of Criminal Procedure in this connection. Cf. United States v. Williams, 7 Cir., 271 F.2d 434, 437; United States v. Furlong, 7 Cir., 194 F.2d 1, 3. However, inasmuch as the appellant chose to represent himself at the trial we prefer to rest our holding on the entrapment instruction issue on the ground that the testimony relied upon fails to establish a basis for requiring that the jury be given an entrapment instruction.

■ Appellant posits the existence of an entrapment issue, which he claims required jury resolution under appropriate instructions covering the defense of entrapment, on testimony elicited on the cross-examination of the government agent who made the purchase and received delivery of the marihuana. During his cross-examination this government witness stated, in substance, in response to questions put to him by the appellant, that the witness had on more than one occasion prior to the events which are the subject matter of the indictment and the government's evidence, asked the appellant, Bradley, to make a purchase for him; that he had asked Bradley to purchase heroin for him and that Bradley had turned him down; and that he did not know what motivated Bradley's turning him down on the first, second, or third time.

The defendant contends that under Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413; Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848, and Kadis v. United States, 1 Cir., 373 F.2d 370, the agent's testimony admitting to as many as three requests to Bradley that he make purchases for him, and Bradley's refusal on each of those occasions establishes that Bradley's participation in the activities for which he was indicted and convicted was a "part of a course of conduct which was the product of the inducement" (Sherman v. United States,

---

[1.] Co-defendant William Hill was dismissed as a defendant when his death was suggested of record on December 2, 1968, prior to commencement of the trial; co-defendants Robert Myrick and Henry Fowler pleaded guilty at the close of the government's case on December 3; and the government dismissed as to co-defendant Bennie Curry on December 4, 1968.

[2.] In violation of 18 U.S.C. § 371.

**150**

*supra*, 356 U.S. at p. 374, 78 S.Ct. at p. 822). We do not agree. The testimony here relied upon discloses only naked requests unadorned with any circumstances evidencing that they were accompanied by any element of inducement. In *Sorrells* the unlawful sale of the liquor involved persistent solicitation in the face of obvious reluctance, and appeals to sentiments aroused by reminiscences of experiences as companions in arms in World War I. *Sherman* involved repeated requests to overcome the accused's hesitancy, coupled with appeals to sympathy based on mutual experiences with narcotics addiction. And, *Kadis* recognizes that refusals to commit a more serious offense (here the refusals to supply heroin) are insufficient to create a jury issue as to the existence of entrapment—whether the accused was corrupted by the government agent or was ready and willing to engage in the unlawful conduct if afforded the opportunity.

The instant case discloses only the existence of bare requests—mere opportunities for Bradley to violate the law if he were so inclined, ready and willing and able to produce the requested narcotic. There is no evidence of persuasion, importuning, play on sympathy or other emotion, or other factor which would serve to clothe a mere request with the indicia of inducement.

Moreover, appellant's belated claim of presence of a jury issue as to the existence of entrapment is wholly inconsistent with his trial testimony. Bradley's trial testimony was that of non-involvement—mere presence at the time of some of the activity but without knowledge of what was going on. He gave no testimony suggestive of induced participation which affords a basis for assertion of the defense of entrapment.

It is well settled that an instruction will not be given when there is no evidence in the record to support such an instruction. Bird v. United States, 187 U.S. 118, 23 S.Ct. 42, 47 L.Ed. 100; United States v. Johnson, 7 Cir., 398 F. 2d 29, 31. Here appellant's cross-examination of the government agent was not directed at entrapment but was to support the defense that appellant had not participated in the crime and had even previously refused to do so.

We conclude, therefore, on the record in the instant case the trial court did not err in not *sua sponte* giving an instruction on the law governing entrapment.

 Appellant's contention that the order form requirement of 26 U.S.C. § 4742(a) infringes his constitutional right against self-incrimination no longer presents an arguable issue. That issue was resolved to the contrary by the recent decision of the Supreme Court in Buie v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283. See: Santos v. United States, 7 Cir., 426 F.2d 244 (Opinion filed April 14, 1970).

The Court expresses its appreciation to Attorney James J. O'Rourke, a member of the Illinois Bar, who ably presented the defendant-appellant's case as court-appointed counsel in this appeal.

The judgment order of the District Court is affirmed.

Affirmed.