**Efrain SANTOS, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**Lewis WARD, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**Nos. 16985, 16955.**

United States Court of Appeals, Seventh Circuit.

April 14, 1970.

Rehearings En Banc Denied May 22, 1970 and June 22, 1970.

Julius Lucius Echeles, Chicago, Ill., Richard C. VerWiebe, Fort Wayne, Ind., Lewis Ward, pro se, for petitioners-appellants.

Alfred W. Moellering, U. S. Atty., Joseph F. Eichhorn, Asst. U. S. Atty., Fort Wayne, Ind., for respondent-appellee.

Before MAJOR and HASTINGS, Senior Circuit Judges and CUMMINGS, Circuit Judge.

HASTINGS, Senior Circuit Judge.

These cases are before us pursuant to an opinion and order of the United States Supreme Court, in United States v. Santos, et al., 397 U.S. 46, 90 S.Ct. 811, 25 L.Ed.2d 36 (February 24, 1970) vacating our prior judgments and remanding these cases to us for further consideration in light of Buie v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L. Ed.2d 283 (1969).

When these cases first came before us, we held that the Fifth Amendment, as applied by the Supreme Court in Leary v. United States, 395 U.S. 6, 89

S.Ct. 1532, 23 L.Ed.2d 57 (1969), and United States v. Covington, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d 94 (1969), required the reversal of the district court's denial of Santos' motion, filed pursuant to 28 U.S.C.A. § 2255, for collateral relief from a judgment of conviction under 26 U.S.C.A. §§ 4742(a), 4744(a) (1) and 18 U.S.C.A. § 371. Santos v. United States, 417 F.2d 340 (7 Cir., 1969). We reached the same conclusion as to the district court's denial of Ward's similar petition for relief from a conviction under 26 U.S.C.A. §§ 4742(a) and 4744(a) (1). Ward v. United States, 420 F.2d 904 (7 Cir., 1969).[1]

Our prior judgments rested, in part, on the premise that "the net legal effect of § 4742(a) is to place the criminal transferor [of marihuana] in the position of being statutorily *required* to provide the government with information 'which would surely prove a significant "link in the chain" of evidence tending to establish his guilt.' * * * This is true since the order form mandate of § 4742(a) compels the criminal transferor to require the transferee to obtain an order form and to identify him not only as a transferor of marihuana but as a transferor who has not registered and paid the occupational tax required by §§ 4751–4753." *Santos, supra,* 417 F.2d at 344.

In *Buie*, the Supreme Court found it "unnecessary to appraise [such reasoning] in detail because we have concluded that there is no real and substantial possibility that Buie's purchaser, or purchasers generally, would be willing to comply with the order form requirement [under § 4742(a)] even if their seller insisted on selling only pursuant to the form prescribed by law." *Buie, supra,* 396 U.S. at 91, 90 S.Ct. at 286.

The Court further found that Buie's situation "bears little resemblance to the situation which confronted Leary," *Id.* at 92, 90 S.Ct. at 286.[2] It concluded that there "is no real and substantial possibility that the § 4742(a) order form requirement will in any way incriminate sellers for the simple reason that sellers will seldom, if ever, be confronted with an unregistered purchaser who is willing and able to secure the order form." *Id.* at 93. The Court affirmed the conviction under 26 U.S.C.A. § 4742(a).

■ This rationale applies to the cases now before us with as much force as it applied in *Buie*. Accordingly, we conclude that the district court acted properly in denying both Santos and Ward any relief under § 2255 on the basis of their contentions that compliance with § 4742(a) would have had the legal effect of exposing them to real and appreciable risks of self-incrimination.

■ Both Santos and Ward were also convicted of violating 26 U.S.C.A. § 4744(a) (1) which makes it a crime to acquire marihuana without having paid the transfer tax imposed by Section 4741(a). *Buie* did not deal with Section 4744(a) (1). We adhere to our previous determination that *Leary, supra,* compels the conclusion that convictions under Section 4744(a) (1) cannot be sustained against a Fifth Amendment challenge.[3]

1. Although we decided *Santos* and *Ward* in separate opinions in 1969, we now consolidate them for final disposition, as did the Supreme Court. The Supreme Court also consolidated United States v. Perlman, No. 873, with *Santos* and *Ward*. *Perlman* was decided by another panel of our court in No. 17543, United States v. Perlman, in an unpublished order dated September 23, 1969. We leave the final disposition of *Perlman* on this remand to such panel.

2. Leary was convicted of a violation of 26 U.S.C.A. § 4744(a) (2) which makes it "unlawful for any person who is a transferee required to pay the transfer tax imposed by section 4741(a) * * * to transport * * * any marihuana" without having paid such tax.

3. In *Santos, supra,* 417 F.2d at 342, fn. 1, we did not deem it necessary to reach the question of whether Santos was de-

**246**

Accordingly, on this remand and in light of *Buie*, the judgment of the district court denying relief to Santos in No. 16985 as to his convictions under 26 U.S.C.A. § 4742(a) and the related conspiracy counts under 18 U.S.C.A. § 371 is affirmed. Further, the judgment of the district court denying relief to Santos as to his conviction under 26 U.S.C. A. § 4744(a) (1) is reversed. Finally, the judgment of the district court denying relief to Ward in No. 16955 as to his conviction under 26 U.S.C.A. § 4742(a) is affirmed and as to his conviction under 26 U.S.C.A. § 4744(a) (1) is reversed.

These causes are remanded to the district court for further proceedings not inconsistent with this opinion.

Affirmed in part; reversed in part; and remanded.

nied effective assistance of counsel at the trial level. Our subsequent consideration of this claim leads us to the conclusion that it is without merit.