**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Daniel ESCOBEDO, also known as Danny Escobedo, Defendant-Appellant.**

**No. 17112.**

United States Court of Appeals, Seventh Circuit.

July 22, 1970.

Rehearing Denied Sept. 11, 1970.

Thomas J. Farrell, Chicago, Ill., for
defendant-appellant.

**16**

Thomas A. Foran, U. S. Atty., Robert J. Krajcir, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee; John Peter Lulinski, Jeffrey Cole, Asst. U. S. Attys., of counsel.

Before MAJOR, Senior Circuit Judge, KILEY, Circuit Judge, and ESCH-BACH, District Judge.[1]

ESCHBACH, District Judge.

Defendant-appellant Daniel Escobedo, also known as Danny Escobedo, was found guilty by a jury under a two-count indictment charging defendant and codefendant Michael Young[2] with violations of 26 U.S.C. § 4742(a) and 21 U.S.C. § 176a. Under Count I, defendant Escobedo was charged with unlawfully transferring a quantity of marihuana not in pursuance of a written order form issued by the Secretary of the Treasury, in violation of 26 U.S.C. § 4742(a). Count II of the indictment charged defendant with the receipt, concealment, and facilitation of the transportation and concealment of marihuana in violation of 21 U.S.C. § 176a. Defendant was sentenced to twenty years imprisonment on each count, the sentences to be served concurrently. From the jury finding of guilty on both counts and the sentences of twenty years on each count, defendant appeals. We affirm the conviction under Count I but reverse the conviction under Count II and, as to that count, the cause will be remanded, with directions that the judgment be vacated.

Several pre-trial motions were considered by the trial court. On November 27, 1967, defendant filed a motion to strike improper matter from the caption, namely, the attachment of the alias Danny Escobedo to defendant's name, but the motion was denied. On January 26, 1968, defendant moved to consolidate three indictments returned against him, 67 CR 555, 67 CR 562, and 67 CR 564.[3] The trial court granted defendant's motion as to 67 CR 555 and 67 CR 564 but denied the motion to consolidate 67 CR 562 with the other two indictments. On May 24, 1968, defendant moved to be tried under a different name and the motion was denied.

Trial of Escobedo alone on charges contained in 67 CR 562, the subject of this appeal, commenced on May 24, 1968. Defendant's oral motion to dismiss the indictment at that time on the grounds that it was based upon unconstitutional grounds was denied. Robert D. Victoria, federal narcotics agent, testified that on August 10, 1967, Daniel Escobedo delivered marihuana to him after having been given money by Victoria for that purpose. Victoria and another federal narcotics agent, William W. Raebel, also testified that at no time did they or anyone else present to Escobedo or Michael Young a written order form required under 26 U.S.C. § 4742(a) for the transfer of marihuana.

Defendant, who testified during trial, was asked on cross-examination whether he was the same Daniel Escobedo who had been convicted in the same courtroom under Indictment in Cause No. 67 CR 555 in February 1968 for violation of federal narcotic laws. Defendant was also asked whether he was the same Daniel Escobedo who had been convicted in the same courtroom under Indictment in Cause No. 67 CR 564 for the sale of heroin to agent Victoria on August 3, 1967. After defense counsel's objection to the admission of such testimony was overruled by the trial court, defendant

1. Judge Eschbach of the United States District Court, Northern District of Indiana, is sitting by designation.

2. Codefendant Michael Young was severed and granted a separate trial on defendant Escobedo's motion.

3. Defendant and Daniel Aguirre were charged in 67 CR 555 with violation of federal narcotic drugs laws resulting from transactions in heroin. In 67 CR 562, Escobedo and Young were charged with violation of federal narcotic drugs laws resulting from a transaction in marihuana. Escobedo alone was charged in 67 CR 564 with violation of federal narcotic drugs laws resulting from transactions in heroin.

admitted that he was the same person but denied having been guilty. An objection by defense counsel to a jury instruction drawing an inference that the marihuana had been imported was also overruled.

Defendant's first allegation of error raised on appeal attacks the constitutionality of the statutes under which convictions were obtained, 21 U.S.C. § 176a and 26 U.S.C. § 4742(a). With regard to 26 U.S.C. § 4742(a), defendant contends that he was confronted with a requirement on pain of criminal prosecution to provide information which he might reasonably have supposed would be available to prosecuting authorities and that such information would have proved a significant factor in proving guilt in any proceedings against him. As a result, defendant submits that he made a proper claim of privilege against self-incrimination which should have provided a complete defense to prosecution under § 4742(a).

■ In Buie v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283 (1969), the Supreme Court was faced with a similar factual situation and constitutional challenge to § 4742(a). The same question—the availability of the Fifth Amendment as a defense to convictions for selling marihuana without the written order form required under the law—was raised by petitioner Michael Buie. Buie was convicted of violating § 4742(a) for the sale of marihuana to an undercover narcotics agent without the required official order form. The Supreme Court concluded that there was no real possibility that Buie's purchaser or purchasers generally would have been willing or able to comply with § 4742(a) even if their seller insisted on selling only pursuant to the form pre-

scribed therein. The Court also stated that it was quite clear in any event that Buie's customer was not a registered dealer nor was there anything to suggest that the customer would have been willing or able to get an order form had he been asked. It is also clear in this case that defendant's customer, Agent Victoria, was not a registered dealer, nor does anything in this case suggest that Victoria would have been willing or able to secure the order form.

Furthermore, this court held in United States v. Bradley, 426 F.2d 148, 7th Cir., May 13, 1970, that whether the order form requirement of § 4742(a) infringes the constitutional right against self-incrimination no longer presents an arguable issue.[4]

■ Defendant next contends that the presumption created by 21 U.S.C. § 176a is unconstitutional:

> Whenever on trial for a violation of this subsection, the defendant is shown to have or have had marihuana in his possession, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains his possession to the satisfaction of the jury. 21 U.S.C. § 176a.

The Government concedes on appeal that absent the statutory presumption of § 176a, there are no facts present in this case justifying defendant's conviction under Count II for violation of 21 U.S.C. § 176a. The Government also concedes that the conviction under Count II was improper and must be reversed in light of the holding in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969) that the presumption is unconstitutional. The trial court instructed the jury over defendant's objection in accordance with the statutory presump-

---

4. Defendant relies upon Santos v. United States, 417 F.2d 340 (7th Cir. 1969) as authority for his contention that § 4742 (a) is unconstitutional. However, the Supreme Court in United States v. Santos, 397 U.S. 46, 90 S.Ct. 811, 25 L.Ed. 2d 36 (1970) vacated the prior judgment holding § 4742(a) void and remanded the case for further consideration in light of Buie v. United States, *supra*. On remand, this court in Santos v. United States, 426 F.2d 244, 7th Cir., April 14, 1970, affirmed the judgment of the district court denying relief to defendant as to his conviction under § 4742(a).

tion, and therefore defendant's conviction insofar as Count II is concerned must be reversed.

 On oral argument, defendant contended for the first time in his appeal that if the basis for Count II was held unconstitutional, then the conviction under Count I must also be reversed because of the prejudicial effect of Count II. Defendant has cited no authority in support of this contention, and we disagree that the reversal of Count II somehow invalidates defendant's conviction under Count I. The trial court instructed the jury separately as to each count; the essential elements required to be proved in order to establish the offense charged in Count II were enumerated separately. We think that defendant was adequately protected by the instructions and that prejudicial error did not occur as the result of the presence of Count II. *See* United States v. Hood, 422 F.2d 737 (7th Cir.1970). In addition, it is well settled that when the sentences imposed on multiple counts of an indictment are of equal length and are to run concurrently, the failure of proof of one or more of the counts does not require reversal if there is sufficient proof of one count. United States v. Hood, *supra* at 742; United States v. Smith, 253 F.2d 95 (7th Cir.1958), cert denied, 357 U.S. 919, 78 S.Ct. 1360, 2 L. Ed.2d 1364 (1958).

The evidence, when viewed in its aspects most favorable to the Government, is that defendant Escobedo, after meeting with Victoria on several occasions, told Victoria that he could buy marihuana and sell it to Victoria for $135 per pound. Pursuant to Victoria's agreement to meet Escobedo on August 10, 1967, in order to buy five pounds, Escobedo met Victoria at a tavern and took $680 of official advance funds from him for the purchase. Escobedo then got into an automobile which was followed by agents of the Federal Bureau of Narcotics; at one point, a man in another automobile got out and talked to Escobedo. After Victoria waited in a lounge, Escobedo returned at 8:50 p.m. and told Victoria, as a prearranged signal, to go outside and look at a certain automobile to determine whether it was the kind he wanted. Victoria then went outside with Michael Young, looked over the car in which Escobedo had been riding, reached into the back seat, and took out a brown paper bag containing marihuana. At no time did Victoria or anyone else present to Escobedo or Michael Young the order form required under § 4742(a). We think that the proof was sufficient to support Count I, and as a result the failure of proof under Count II does not require reversal of Count I.

 Defendant also contends that the trial court erred in admitting evidence of his prior conviction in February 1968 for violation of federal narcotic laws by selling heroin to Robert Victoria on August 3, 1967. Defendant recognizes in his brief that it is well settled in this Circuit that the Government may impeach a defendant's credibility by inquiring as to past convictions. United States v. Menk, 406 F.2d 124 (7th Cir. 1968), cert den., 395 U.S. 946, 89 S.Ct. 2019, 23 L.Ed.2d 464 (1969). The rule applies even if the prior convictions are pending on appeal. United States v. Hauff, 395 F.2d 555 (7th Cir.1968), cert. den., 393 U.S. 843, 89 S.Ct. 124, 21 L. Ed.2d 113 (1968). Despite such authority, defendant urges this court to hold now that a prior conviction for substantially the same type of crime may not be admitted to impeach a defendant "when used along with totally prejudicial facts surrounding the prior conviction." Defendant asks this court to alternatively hold that the prior conviction should not have been admitted since it allegedly had no bearing on defendant's truth and veracity as a witness in his own behalf.

According to defendant, such a holding would be in line with a "shift of authority," based upon cases from the District of Columbia Circuit,[5] Rule 21 of

---

5. Defendant cites Gordon v. United States, 127 U.S.App.D.C. 343, 383 F.2d 936 (1967), cert. denied, 390 U.S. 1029 (1968); Brown v. United States, 125

the Uniform Rules of Evidence, and Rule 106 of the American Law Institute's Model Code of Evidence (1942). Even though defendant characterizes such authority as constituting a "shift of authority" and a "modern trend of authority" away from the established rule in this circuit, this court in United States v. Morefield, 411 F.2d 1186 (7th Cir. 1969), cert. denied, 396 U.S. 916, 90 S.Ct. 238, 24 L.Ed.2d 194 (1969), noted that the approach of the cases cited by defendant has been rejected by the Preliminary Draft of Proposed Rules of Evidence for the United States District Courts and Magistrates, Rule 6–09 (March 1969) [hereinafter cited as Draft of Proposed Rules of Evidence], drafted under the direction of the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States. The Advisory Committee in its notes to proposed Rule 6–09 suggests five possible resolutions of the difficulties surrounding impeachment by evidence of conviction when the accused himself is a witness in a criminal case. Those possible resolutions include (1) allowing no impeachment by conviction, (2) allowing only crimen falsi, (3) excluding impeachment by conviction if the crime is similar, (4) allowing conviction evidence only if the accused first introduces evidence of character for truthfulness, and (5) leaving the matter to the discretion of the trial judge. Draft of Proposed Rules of Evidence, Rule 6–09, Advisory Committee's Notes at 126–27.

Finding none of the alternatives acceptable, the Committee adhered to the traditional practice of allowing the witness-accused to be impeached by evidence of conviction of crime. Draft of Proposed Rules of Evidence, Rule 6–09, Advisory Committee's Notes at 127.

The purpose of allowing impeachment by conviction is stated therein as follows:

[T]he purpose of having the accused testify is the belief that he may be believed despite his self-interest. Consequently, anything which aids in appraising his credibility must be of value. Disallowing the conviction evidence enables an accused to appear as a person whose character entitles him to credence, when the fact is to the contrary, and denies a valuable argument to the witness-accused who has no prior record. Draft of Proposed Rules of Evidence, Rule 6–09, Advisory Committee's Notes at 126.

*Also see* 3 Wigmore, Evidence §§ 889–91.

In the recent case of United States of America v. Cox, 428 F.2d 683, No. 17484, 7th Cir., June 16, 1970,[6] Judge Cummings speaking for this court observed:

With few exceptions, however, the general practice remains to treat the accused like any other witness. See United States v. Morefield, 411 F.2d 1186, 1188 (7th Cir. 1969); Preliminary Draft of Proposed Rules of Evidence for the United States District Courts and Magistrates, Rule 6–09, pp. 123–124, 126–127 (March 1969), 3 Wigmore on Evidence, §§ 889–891 (1940). Individual judges may prefer imposing limitations upon such impeachment in the exercise of their discretionary powers over the introduction of relevant evidence. This may vary according to the facts at issue and the nature of the convictions offered for impeachment. We are not, however, persuaded that any limitation such as the "rule of thumb" offered by Gordon v. United States, 127 U.S.App.D.C. 343, 383 F.2d 936, 940 (1967), and United States v. Palumbo,

---

U.S.App.D.C. 220, 370 F.2d 242 (1966); and Luck v. United States, 348 F.2d 763 (1965) for the approach that the introduction of evidence of prior convictions should be left to the discretion of the trial judge.

6. This case was decided after briefs were filed and oral arguments heard in the instant case.

401 F.2d 270 (2d Cir. 1968), provides such a manifestly satisfactory resolution of these difficulties as to compel our imposition of the rule upon trial judges. (Footnote omitted.)

The instant case presents us with nothing which in any way indicates that we should change the rule so long prevailing and so recently applied in this circuit.

 Defendant raises several other issues on appeal which we believe merit little discussion. First, defendant contends that the double jeopardy provision of the Fifth Amendment was violated on the ground that the trial court refused to consolidate the indictment in this case with 67 CR 555 and 67 CR 564. The question of consolidation called for an exercise of the trial court's discretion. United States v. Stocker, 273 F.2d 754 (7th Cir. 1960), cert. den., 362 U.S. 963, 80 S.Ct. 879, 4 L.Ed.2d 878 (1960); United States v. Harris, 211 F.2d 656 (7th Cir. 1954), cert. den., 348 U.S. 822, 75 S.Ct. 34, 99 L.Ed. 648 (1954). We do not agree with defendant that the trial judge, by refusing to consolidate all three indictments, abused his discretion. Even though the same agent was present in transactions underlying all three indictments, other factors justified the refusal to consolidate 67 CR 562 with 67 CR 555 and 67 CR 564. Factors which may have been considered include the presence of different defendants and different allegations in the indictments as well as the belief on the part of the trial judge that a conspiracy, if any, between Young and Escobedo would be separate and distinct from a conspiracy, if any, between Aguirre and Escobedo. No conspiracy among the three defendants had been alleged. In addition, the transactions took place on different days. Nor do we think that Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), cited by defendant, is controlling in this case.[7]

 Defendant also asks this court to review the trial court's refusal to strike the words "Danny Escobedo" from the indictment. Although defendant labels "Danny Escobedo" as an "alias," we think that "Danny" is more properly labeled a nickname for defendant's true name. In light of testimony by witnesses and by defendant himself that he was referred to by others as "Danny," the use of the nickname further identified defendant and did not constitute prejudicial error. Even if "Danny" is considered an alias, we find no harmful effect in this case. *See* United States v. Melekh, 193 F.Supp. 586 (N.D.Ill.1961), citing United States v. Solowitz, 99 F.2d 714 (7th Cir. 1938). No fictitious name was used in the instant case. Defendant cites no cases in support of his further contention that the trial court erred in denying his motion to be tried under a different name. We find no merit in the contention. Finally, defendant seeks review of the trial court's restriction of defense counsel's opening statement wherein counsel attempted to inform the jury of defendant's past. We find that the trial court properly limited counsel to an outline of proposed proof. Lichtenwalter v. United States, 89 U.S.App.D.C. 187, 190 F.2d 36 (1951).

For the foregoing reasons, the judgment of conviction under Count I is sustained and the judgment of conviction under Count II is reversed and, as to that count, the cause is remanded, with directions that the judgment be vacated.

---

7. In *Ashe*, defendant was charged with several others for the robbery of six poker players on one occasion. Defendant was found not guilty on one count by a jury of the robbery of one of the players because of insufficient evidence. Six weeks later, defendant was tried again on another count for the robbery of a second participant in the game.

The Supreme Court held that once a jury had determined that there was at least a reasonable doubt that defendant was one of the robbers, the State could not present the same or different identification evidence in a second prosecution in the hope that another jury might find the evidence more convincing.

Pursuant to the Criminal Justice Act of 1964, Thomas J. Farrell of the Chicago Bar was appointed to represent appellant in this court. His fine services merit our appreciation.

The judgment is affirmed.

KILEY, Circuit Judge, concurring.

I concur in Judge Eschbach's opinion for the court in the above cause, although I wish to comment below on the claim that the district court erred in permitting cross-examination of Escobedo with respect to his prior convictions for similar narcotic offenses. Escobedo does not claim that the court committed constitutional error in its ruling and does not contend that the evidence is insufficient to support his conviction. Under these circumstances I see no valid reason for finding, if error was committed in the ruling, that reversal is compelled.

However, I hesitate to agree that there is an "established rule" in this circuit which contemplates in all cases as a mere exercise of discretion, use of prior convictions for impeachment purposes. It is true that two judges of this court participated in United States v. Morefield, 411 F.2d 1186 (7th Cir. 1969), and three other judges of this court in United States v. Cox, 428 F.2d 683, No. 17484, 7th Cir., June 16, 1970, and presumably the five agreed to the general rule that evidence of a prior conviction is *per se* relevant to credibility. This is not, however, an established rule in the sense that a majority of active judges announced that rule as the rule of this circuit.

In my view there may well be cases in which reversible constitutional error may be committed by a trial judge in exercising his discretion with respect to impeaching testimony on the ground of prior conviction. Furthermore, with deference to the panel of this court in *Cox*, I think we should not reject, without further consideration, the "rule of thumb" which the District of Columbia Circuit has adopted and which the Second Circuit will apparently follow.

The District of Columbia Circuit's "rule of thumb" would limit the introduction of evidence of prior convictions to *crimen falsi*—"crimes involv[ing] the element of falsehood. * * *" Black's Dictionary, 4th Ed.[1] I must disagree with the court's view in *Cox* that this rule does not provide a "manifestly satisfactory resolution" of the problem of impeachment by prior conviction. It should be noted in this context that in *Morefield*, which was cited with approval in *Cox*[2] and by the majority opinion in this case, the court referred to the "trial court['s] thoughtful exercise of discretion" in prohibiting proof of prior robbery, breaking and entering, and theft convictions at Morefield's trial for robbery of a federal bank. The effect of the prohibition was to admit only the prior *crimen falsi* offenses bearing on Morefield's credibility.

It is likely that the court in *Morefield* considered the trial court "thoughtful" in its ruling because the prior offenses were similar. Gordon v. United States, 127 U.S.App.D.C. 343, 383 F.2d 936,

---

1. The "rule of thumb" is stated in United States v. Cox, 428 F.2d 683, No. 17484, 7th Cir., June 16, 1970, n. 5, as follows: "The rule of thumb * * * is that only convictions for acts of deceit, fraud, cheating, stealing and others resting on dishonest conduct should be admitted to test credibility, and even they should be excluded if stale and followed by a legally blameless life."

2. In *Cox*, the defendant sought, before trial, an order limiting the government's ability to impeach Cox by proof of prior felony convictions. The record on appeal failed to disclose the particular felony convictions which defendant sought to exclude and the defendant himself did not testify at trial. Thus, the issue before this court was not squarely before the court in *Cox*.

939–940 (1967). But it might well be that the trial court would have been just as "thoughtful" in prohibiting the proof of those offenses because the proof would shed no light on whether Morefield was telling the truth in defending the charge subject of this court's opinion. It could be that evidence of prior convictions for offenses similar to those on trial—not within the *crimen falsi*— should be excluded on the grounds that such evidence would more likely lead a jury to believe that because a defendant committed the prior similar offenses he committed the one with which he was charged, rather than that his testimony should be discounted because the proof of the prior convictions rendered him less credible than he otherwise would have been.

The holding implicit in the majority opinion is that prior convictions for substantially the same crimes may be admitted to impeach a defendant. The further implication is that the ruling would be an exercise of discretion. However, in footnote 5 the majority opinion seems to indicate that, although the decision is that the district court did not abuse its discretion, this court rejects the view that it is in the trial court's discretion to limit the introduction into evidence of prior convictions. But in the *Cox* decision, we stated that the trial judge does have this discretion: "Individual judges may prefer imposing limitations upon such impeachment in the exercise of their discretionary powers over the introduction of relevant evidence. This may vary according to the facts at issue and the nature of the convictions offered for impeachment." Moreover, in *Morefield* we approved the trial judge's exclusion of proof of prior convictions as a "thoughtful" exercise of the court's discretion.

At this writing I favor a rule which would limit discretionary admission of prior conviction evidence—for impeachment—substantially by the "rule of thumb" of the District of Columbia Circuit.