## UNITED STATES v. MEEKER.

### Cr. No. 2800.

District Court, Alaska
Third Division, Anchorage.
March 18, 1953.

744

Lynn W. Kirkland, Asst. U. S. Atty., Anchorage, Alaska, for plaintiff.

Herman H. Ross, Anchorage, Alaska, for defendant.

FOLTA, District Judge.

The defendant was convicted, upon a trial by the Court, of violating 18 U.S.C.A. § 912, providing that:

"Whoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, and acts as such, or in such pretended character demands or obtains any money, paper, document, or thing of value, shall be fined * * * or imprisoned".

The motion to vacate the judgment and enter a judgment of acquittal is based on the ground that no intent to defraud was alleged or proved.

▆ The information charges that the defendant falsely personated a deputy U. S. marshal and in such character demanded and obtained $46. Upon the trial it was proved that a car driven by one Longrie collided with the defendant's car, whereupon the defendant exhibited a card issued by the state of Arizona identifying him as a special or honorary deputy sheriff and de-clared that he was a deputy U. S. marshal. Upon examining Longrie's license the defendant said that it was invalid; that Longrie was at fault for the collision and demanded that he accompany him to a garage, authorize and pay for the repair of his car. Longrie was apparently convinced that he was at fault and paid the garage bill.

The defendant argues that since Longrie merely did what he would have had to do in any event, he was not defrauded. But both Longrie and his wife testified that they would not have paid the repair bill except for the personation but would have called on the insurer of their car to pay for the damages. Since Longrie was thereby induced to do something which he would not have done, the case falls within the doctrine of United States v. Lepowitch, 318 U.S. 702, 63 S.Ct. 914, 87 L.Ed. 1091, decided before the words "with intent to defraud" were omitted in the revision of the statute in 1948. It would appear, therefore, that if it was unnecessary to show that what was done or given had any value to the doer or giver when the statute expressly required an intent to defraud, a fortiori is it unnecessary now.

▆ But the defendant argues that even though the words "with intent to defraud" were omitted, the statute as revised must still be construed as requiring an intent to defraud. Such a construction would make the intentional omission of these words absolutely meaningless. I am inclined to the view that in omitting them, Congress intended to eliminate intent to defraud as an essential element of the offense in view of the case cited that a showing that one was induced to pursue a course that he would not have pursued but for the deceitful conduct is sufficient to sustain a conviction and United States v. Barnow, 239 U.S. 74, 36 S.Ct. 19, 60 L.Ed. 155, holding that the statute was designed to protect the good repute and dignity of the public service. The statute as revised would appear to make it an offense for the impersonator to either act as such, or to demand or obtain anything of value to him. Here the information charged and the proof showed that the defendant not only im-

personated an officer of the United States, but obtained something of value—the immediate payment of a garage bill. Had nothing of value been obtained, the question whether the false personation of an officer of the United States and acting as such without more would be enough to sustain a conviction, would be squarely presented, but that is not the situation, and, hence, that question need not be decided.

Accordingly, I am of the opinion that the motion should be denied.