**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Chester DeWitt MENK, Defendant-Appellant.**

**No. 16832.**

United States Court of Appeals Seventh Circuit.

Nov. 21, 1968.

Rehearing Denied Jan. 29, 1969.

Certiorari Denied June 9, 1969.
See 89 S.Ct. 2019.

William C. Erbecker, Indianapolis, Ind., for appellant.

K. Edwin Applegate, U. S. Atty., Robert L. Baker, Asst. U. S. Atty., Indianapolis, Ind., for appellee.

Before CASTLE, Chief Judge, and HASTINGS and FAIRCHILD, Circuit Judges.

CASTLE, Chief Judge.

Defendant-Appellant, Chester DeWitt Menk, was charged in a two-count indictment with selling a certain amount of amphetamine drugs to a government agent, John Sopsic, on two separate occasions, in violation of 21 U.S.C. § 331 (q) (2). Appellant pleaded not guilty, waived jury trial, and was convicted of both counts and sentenced to serve two years consecutively on each count. On appeal, appellant contends that the judgment of conviction must be reversed because the trial court admitted into evidence certain proof regarding other allegedly unconnected crimes and considered this evidence in finding appellant guilty of the offenses charged. The government, on the other hand, argues that the evidence of other crimes was admitted only in connection with crimes closely connected with the offenses charged and only in determining the credibility of appellant, who had testified in his own behalf. Appellant, in his brief, admits that the evidence was sufficient to convict, and even recognizes that "a *prima facie* case was presented" by the government.

The record discloses that during the government's case in chief, witness Sopsic testified about certain conversations he had had with appellant and co-defendant, Minnie Bingham, regarding slot machines, alleged prostitution, a prior drug offense, appellant's threat to kill a past informer and any future informer, an incident where appellant attacked two excise men, and dealing in stolen goods, as well as the offenses charged. Objections to this evidence on the grounds of irrelevancy and prejudice were overruled.[1] The only other government witness was a chemist for the Food and Drug Administration who testified about the chemical composition of the drugs introduced into evidence by the Government.

The first defense witness was co-defendant, Minnie Bingham. On cross-examination of this witness, there was some mention of a raid of appellant's business establishment, the Shifting Sands truckstop, and about the working conditions of the waitresses employed by appellant at that establishment. After a short direct examination of the third co-defendant, Elmer Menk, appellant's brother, appellant took the stand.

On direct examination of appellant, he testified about the following events: Appellant had been in the Federal Penitentiary at Terre Haute as the result of selling "these pills" in 1960; he had been convicted in 1933 for grand larceny; he had served 30 days on a penal farm for being involved in a dance hall fight in 1929; he was convicted in 1958 or 1959 for an offense involving his attack on two excise agents; he was currently charged with possession of a slot machine without a stamp; he hired employees for the Shifting Sands truckstop by picking up "any tramp that comes along

---

1. The Court sustained one defense objection—regarding a statement made by co-defendant Bingham to Sopsic that appellant had had a "run in with the law"—insofar as it related to appellant.

the road" and offering them a job; his business had been raided on October 20, 1966; he had sold slot machines in August, 1965. On cross-examination, there was more dialogue about the girls who worked for appellant and he stated that he paid them nothing for their work but that they made their living from tips.

Appellant's theory at trial, as stated in his brief, was that he was "a long-time lawbreaker" who had become apprehensive of impending prosecution and had therefore exercised no control over any of the illicit activities conducted at his truckstop. The government's theory, substantiated by Sopsic's testimony, was that appellant controlled and supplied the pills illegally sold, and merely dealt through Minnie Bingham as an intermediary.

Thus, evidence of other crimes was introduced at two different stages of the trial: (1) during the government's case in chief, before appellant's credibility was put in issue; (2) during the testimony of the defendants. Since different issues are involved in each of the instances in which evidence of other crimes was introduced, we shall discuss them separately.

■ 1. The evidence of other crimes introduced and admitted over objection during the government's case in chief did not relate to crimes so closely connected with the offenses charged as to constitute "res gestae." Nor could it have been properly admitted to prove intent since intent was not an element of the offenses charged under 21 U.S.C. § 331, Palmer v. United States, 340 F.2d 48, 49 (9th Cir. 1964); cf. United States v. Dotterweich, 320 U.S. 277, 64 S.Ct. 134, 88 L.Ed. 48 (1943). Nor was this evidence admitted in relation to appellant's credibility since his credibility had not yet been put in issue. We therefore hold that the admission of such evidence constituted error, and if this had been a jury trial we would be compelled to reverse. United States v. Reed, 376 F.2d 226, 228–229 (7th Cir. 1967);

United States v. White, 355 F.2d 909, 910–911 (7th Cir. 1966). However, since this was a bench trial and since it appears from the record that the trial judge did not consider the erroneously admitted evidence in reaching his findings of fact, we hold that the error does not justify reversal.

The trial court's Findings of Fact begin with the following language:

"So we get down to the question of fact. Did these people do what they are charged with doing or didn't they? Mr. Sopsic says that they did and they say that they didn't. They have all taken the witness stand and denied, under oath, what he has sworn to under oath. So this question essentially boils down to that question of who are you going to believe—who am I going to believe? I am, of course, talking primarily about the essential elements of the crimes charged in these various counts of the indictment."

This language demonstrates that the court below did not consider the improperly admitted evidence of other crimes. Rather, the only issue recognized by the court was that of credibility, and the only evidence used to determine this issue was that adduced from the testimony of the defendants themselves. The District Court, in its Findings of Fact, analyzes the defendant's testimony in detail and comes to the conclusion that appellant's word could not be believed, regarding the offenses charged, over that of the government agent.

■ Although, we cannot probe the mind of the trial judge any more thoroughly, we likewise cannot presume error by inferring that he considered the improperly admitted evidence in reaching his findings. It is well settled that "harmless error is not grounds for reversal, and the appellant has both the burden of proving error and of showing that he was prejudiced thereby." Sawyer v. Barczak, 229 F.2d 805, 809 (7th Cir. 1956); Thomas v. United States, 281 F.2d 132, 136 (8th Cir.

 

1960). In United States v. Bolden, 355 F.2d 453, at 456 (7th Cir. 1965) cert. den. 384 U.S. 1012, 86 S.Ct. 1919, 16 L.Ed.2d 1018, this court stated in a factual situation more favorable to the defendant than in the instant case:

> "Trial judges are invariably called upon to conduct impartial trials despite whatever opinion they may have or which they may formulate during the course of the trial concerning the guilt or innocence of an accused. Such impartiality is precisely what is expected of them, and an experienced trial judge must be assumed capable of performing his essential function. In short, prejudice must be shown by trial conduct; it may not be presumed or inferred from the subjective views of the judge."

 We therefore hold that a trained, experienced Federal District Court judge, as distinguished from a jury, must be presumed to have exercised the proper discretion in distinguishing between the improper and the proper evidence introduced at trial, and to have based his decision only on the latter, in the absence of a clear showing to the contrary by appellant. As we held in United States v. D'Antonio, 362 F.2d 151, at 155 (7th Cir. 1966):

> "The minor errors we have found in this lengthy trial do not in our opinion warrant, much less require, a reversal. An accused is entitled to a fair trial, but not to a trial free of all error. Lutwak v. United States, 344 U.S. 604, 619 [73 S.Ct. 481, 97 L.Ed. 593]. Unsubstantial error is not to be viewed in an attitude separated from reality and oblivious to the content of the record and as thus isolated relied upon to furnish the basis for reversal. Otherwise, a judgment which could be affirmed would be almost impossible to achieve."

We therefore find no reversible error in the admission of evidence of other crimes during the government's case in chief.

 2. The evidence of other crimes admitted during the testimony of the defense witnesses likewise does not constitute reversible error. First of all, it was introduced by appellant himself to demonstrate his theory that he was a "long-time lawbreaker" who was avoiding any contact with illicit activities because of his record and because he was currently under investigation. Moreover, any evidence of prior convictions introduced after appellant took the stand was admissible as bearing on his credibility, which was then in issue. United States v. Plata, 361 F.2d 958, 962 (7th Cir. 1966); United States v. Pinna, 229 F.2d 216, 219 (7th Cir. 1956); United States v. Lange, 161 F.2d 699, 704 (7th Cir. 1947). In any case, the cross-examination of the appellant covered only those areas raised on direct examination. We find no error here.

For the foregoing reasons, the judgment of conviction is affirmed.

Affirmed.