**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Phillip Wolfe FIERSON, Defendant-Appellant.**

**No. 17294.**

United States Court of Appeals Seventh Circuit.

Dec. 17, 1969.

Rehearing En Banc Denied Feb. 16, 1970.

Cummings, Circuit Judge, dissented.

William C. Erbecker, Indianapolis, Ind., for defendant-appellant.

K. Edwin Applegate, U. S. Atty., Robert B. Keene, Asst. U. S. Atty., Indianapolis, Ind., for plaintiff-appellee.

Before FAIRCHILD and CUMMINGS, Circuit Judges, and GRANT,* District Judge.

GRANT, District Judge.

This case began with the filing of a two-count indictment against appellant charging violations of 18 U.S.C. §§ 912 and 913, respectively. Appellant was

found not guilty on Count II, the Section 913 count, but was found guilty on Count I, the Section 912 count, of falsely pretending to be an F.B.I. agent and, in such pretended character, demanding a 1961 Oldsmobile from one Moore, as charged, in the indictment.[1] Upon such finding judgment was entered and this appeal followed.

Fierson's defense at trial was that he did in fact repossess the automobile over which Moore, the conditional buyer, was exercising control, but he steadfastly denied that he did so while pretending to be an F.B.I. agent. Fierson at no time disputed the character of the act charged.[2] He disputed only the allegation that he committed it.

Over objection, the government, during its case in chief, for the stated purpose of proving willfulness and intent, elicited the testimony of one Goethceus who recounted that eleven months prior to the date of the instant offense, Fierson had demanded the former's automobile while representing himself (Fierson) as an F.B.I. agent.[3] An appropriate limiting instruction on this evidence was given by the court and the jury, in final instruction, was charged that an intent to defraud was an essential element of the offense charged in Count I of the indictment.[4] Fierson urges that

* District Judge from the United States District Court for the Northern District of Indiana, sitting by designation.

1. Count I of the indictment charged a violation of 18 U.S.C. § 912, which reads as follows:

    Whoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or office thereof, and [1] acts as such, or [2] in such pretended character demands or obtains any money, paper, document or thing of value, shall be fined not more than $1,000 or imprisoned not more than three years, or both.

    (Brackets added to distinguish the two separate offenses contained therein.)

2. This statement is subject to one qualification. During his case, Fierson called James Manahan, a former assistant United States Attorney for the Southern District of Indiana, and asked *inter alia*, whether Manahan's investigation of the Goethceus incident, see Note 3, infra, and accompanying text, reflected "an intent or no intent on the part of Mr. Fierson." The government's timely objection thereto was sustained.

3. Formal charges against appellant stemming from this earlier incident had been dismissed on the government's motion.

4. The authorities are divided on the question of whether an intent to defraud is an essential element of the offense charged in Count I. *Compare*, Honea v. United States, 344 F.2d 798 (5th Cir. 1965) and United States v. Harth, 280 F.Supp. 425 (W.D.Okla.1968) with United States v. Guthrie, 387 F.2d 569 (4th Cir. 1967) and United States v. Meeker, 110 F.Supp. 743, 14 Alaska 249 (D.Alas.1953). Since

the introduction of Goethceus' testimony was reversible error. We agree.

■ As a general rule, evidence of prior criminal acts of an accused, which are not charged in the indictment or information, is inadmissible. Boyd v. United States, 142 U.S. 450, 12 S.Ct. 292, 35 L.Ed. 1077 (1892); United States v. Menk, 406 F.2d 124 (7th Cir. 1969); United States v. Reed, 376 F.2d 226 (7th Cir. 1967); United States v. Silvers, 374 F.2d 828 (7th Cir. 1967); United States v. White, 355 F.2d 909 (7th Cir. 1966); United States v. Magee, 261 F.2d 609 (7th Cir. 1958). More precisely, evidence of the commission of prior criminal acts is not competent to prove that the accused committed the act charged in the indictment or information. This rule reflects a firmly rooted notion of our jurisprudence—a man ought not be convicted of doing a specific bad act because he is a bad fellow generally. The rule is but a specific instance of the wider prohibition against allowing the prosecution to first put character in issue. McCormick, Evidence § 157 (1954).[5]

■ This rule of exclusion, however, is not universal. Evidence of prior criminal acts may be admissible on other contested issues. Thus enter the "exceptions." The government here relied on a well-founded "exception"—introduction to show intent and willfulness; to negate innocence due to mistake, misadventure, or similar folly. United States v. Marine, 413 F.2d 214 (7th Cir. 1969); Gilstrap v. United States, 389 F.2d 6 (5th Cir. 1968); United States v. Klein, 340 F.2d 547 (2d Cir. 1965); Whaley v. United States, 324 F.2d 356 (9th Cir. 1963), cert. denied, 376 U.S. 911, 84 S.Ct. 665, 11 L.Ed.2d 609, rehearing denied 376 U.S. 966, 844 S.Ct. 1122, 11 L.Ed.2d 984 (1964); Rule 4–04(b), Proposed Rules of Evidence for the United States

District Courts and Magistrates (March 1969 Preliminary Draft). The only question here is whether the "exception" was properly wed to the facts of this case. We find that it was not.

■ Admissibility of this type of evidence is subject to knowable, yet necessarily, imprecise standards. At its roots the problem is one of balancing probative value against prejudice. Roe v. United States, 316 F.2d 617 (5th Cir. 1963). The question is, in the first instance, left to the sound discretion of the trial judge who can readily measure the pulse of the proceedings. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Gilstrap v. United States, *supra*; United States v. Byrd, 352 F.2d 570 (2d Cir. 1965); United States v. Klein, *supra;* Whaley v. United States, *supra.* The term "discretion" means only that no hard and fast rules are laid down. It does not mean that the trial court's decision is immune from review.

■ In order to be admissible as bearing upon wilfulness and intent, evidence that the accused has committed prior criminal acts must first be shown to be similar to the offense charged and close enough in time to be relevant. In this case, the reported previous criminal act was identical in type to the offense charged, and on the question of proximity in time, we cannot say that the passage of eleven months from the date of the prior criminal act to the date of the offense alleged in the indictment was, in itself, sufficient to require exclusion. See Whaley v. United States, *supra.*

More than this, however, is required. Obviously intent must be an element of the offense to justify the admission of this type of evidence. Prior criminal acts cannot be proved to show intent when intent is not an element of the of-

---

the kind of intent required to commit the offense charged in Count I of the indictment is not an issue before us, we express no opinion on the correctness of this instruction to the jury.

5. This prohibition is carried forward in Rule 4–04(a), Proposed Rules of Evidence for the United States District Courts and Magistrates (March 1969 Preliminary Draft).

fense charged. United States v. Menk, *supra.* Equally obvious is the fact that when intent is a material element of the offense, it is part of the prosecuting attorney's case to be proved in chief lest he find himself out of court at the close of his evidence.

■ However, to justify admission into evidence of an accused's prior criminal acts to establish willfulness and intent, it is necessary that willfulness and intent be more than merely formal issues in the sense that the defendant is entitled to an instruction thereon. *See* United States v. Magee, *supra.* When, as in this case, the government has ample evidence to take the case to the trier of fact for its deliberation, a plea of not guilty cannot, by itself, be construed as raising such a keen dispute on the issue of willfulness and intent so as to justify admission of this type of evidence. *See* United States v. Magee, *supra.*

■ The facts of this case, as developed at trial, did not raise even the slightest suggestion that Fierson did the physical act charged but without the requisite willfulness and intent.[6] There was no suggestion of accident or mistake. The defendant simply said he did not commit the physical act charged. When the government had adduced evidence that the defendant repossessed Moore's car while pretending to be an F.B.I. agent, its case was made out. If the defendant had admitted the above acts but defended on the theory that he was joking and really did not mean it, then the matter of his intent might be said to be in issue and the Goethceus testimony could have been offered to negate the suggestion of mistake. But here the issue of willfulness and intent was not sharpened; it was not really in dispute.[7] Goethceus' testimony was purely cumulative on the issue for which it was introduced. It seems obvious that the government sought to prove that the defendant here probably did tell Moore that he was an F.B.I. agent by the evidence that he made a similar statement, under similar circumstances, to Goethceus some eleven months earlier.

Admission of this evidence was, under settled standards, error. United States v. Byrd, *supra;* United States v. Klein, *supra;* United States v. Magee, *supra.* It was reversible error because the trial below was to a jury.[8]

We hold that it is reversible error in a jury trial of an accused charged with pretending to be an F.B.I. agent and demanding an automobile from another in violation of 18 U.S.C. § 912, to allow the government, during its case in chief, to introduce evidence of a prior criminal act of the accused in order to show willfulness and intent when, as here, the accused does not, except for demanding an instruction on the requisite willfulness and intent, otherwise put that issue in dispute.

Reversed and remanded for a new trial.

CUMMINGS, Circuit Judge (dissenting).

As the majority states, defendant was found by the jury to be guilty "of falsely

---

6. Indeed, Fierson's one attempt to put the issue of willfulness and intent into issue proved abortive. See Note 2, *supra.*

7. This is the critical element which readily distinguishes this case from United States v. Marine, *supra,* which held that evidence of prior criminal acts similar to those charged was admissible to prove intent where the defendant disputed the issue of knowledge and specific intent was an essential element of the crime charged.

8. In *Menk* this court refused to reverse a conviction resulting from a court trial where evidence of prior criminal acts was erroneously admitted because:

> a trained, experienced Federal District Court judge * * * must be presumed to have exercised the proper discretion in distinguishing between the improper and the proper evidence introduced at trial, and to have based his decision only on the latter * * *. *Menk, supra,* 406 F.2d at 127.

That decision was careful to point out, however, that "if this had been a jury trial we would be compelled to reverse." *Menk, supra,* at 126.

pretending to be an F.B.I. agent and, in such pretended character, demanding a 1961 Oldsmobile from one Moore, as charged in the indictment." This finding of the jury depended upon the following instruction No. 13 as given by the court:

"Three essential elements are required to be proved in order to establish the offense charged in Count I of the Indictment:

"First: The act or acts of falsely pretending to be an officer or employee acting under the authority of the United States;

"Second: Demanding or obtaining money or some other thing of value while acting in such pretended character; and

"Third: Doing such act or · acts wilfully and with the intent to deceive or defraud another.

"As stated before, the burden is upon the prosecution to prove beyond all reasonable doubt every essential element of the crime charged."

Defendant did not object to this instruction, which is Mathes Instruction 16.05 (27 F.R.D. 39, 132). Defendant's brief concedes that 18 U.S.C. § 912 (note 1, *supra*), requires intent to the extent that the Government must prove "he deliberately committed the physical act he was accused of committing." Moreover, the majority apparently agrees that some "kind of intent [is] required" (note 4, *supra*).

When defendant's trial counsel first objected to any testimony of Lowell Goethceus that defendant had committed a prior similar offense, the Assistant United States Attorney explained that he planned to use the witness "for purposes of proving wilfullness and criminal intent." The district court thereupon overruled the defendant's objection.

As shown by the above-quoted instruction, this case was tried on the theory that the Government had to show defendant acted "wilfully and with the intent to deceive or defraud another." Moore and his employer testified that defend-ant flashed a card in a small black folder and said that he was from the F.B.I. Both witnesses stated that they took his word for this. Defendant testified that he did repossess Moore's car but denied that he had represented that he was authorized to do so by the F.B.I. He stated that he did show the witnesses a card from the Trans-National Investigation Bureau and volunteered that this might be misunderstood as the F.B.I. Defense counsel explained to the court that he had deliberately let the two prosecution witnesses introduce the question of defendant's intent because he planned to elicit testimony (which was subsequently excluded on the Government's objection) from a former Assistant United States Attorney that his investigation of the earlier indictment, involving Goethceus, showed that there was no intent to deceive on the part of defendant. Defense counsel asked this witness "From your entire file, your entire investigation, did your file reflect an intent or no intent * * * on the part of Mr. Fierson?" Accordingly, the prosecutor's closing argument advised the jury that the Government had to prove defendant "did such acts wilfully and with intent to deceive or defraud another person," and that the evidence showed defendant's "intent to deceive somebody into thinking he's a policeman or an FBI Agent."

Unlike United States v. Menk, 406 F. 2d 124, 126 (7th Cir. 1968), without objection intent was treated as an element of the offense charged. Therefore the district judge was justified in permitting Goethceus to testify as to defendant's previous impersonation. II Wigmore on Evidence (3d ed.) §§ 302, 321. Rule 4–04(b) of the Proposed Rules of Evidence for the United States District Courts and Magistrates (Preliminary Draft, March 1969) accords with present case law in making such an exception. It is for the district judge to decide "whether the danger of undue prejudice outweighs the probative value of the evidence" (*ibid.*, p. 58), and defendant has not shown that the trial judge abused

his discretion in permitting the jury to consider this evidence. This is especially so here where defendant was permitted to show that the previous indictment against him and involving Goethceus had been dismissed by the United States and the court instructed the jury to consider defendant's prior act for the sole purpose of determining the intent of the defendant. Moreover, Goethceus' testimony on direct examination occupies only two pages of the transcript and indicated no animadversion toward defendant. The prosecutor's closing argument did not dwell unduly on this testimony. Although I recognize that the intent exception to the past crime rule can sometimes be used to excess by the Government, no abuse has been shown in this case.

Concluding that the majority opinion conflicts with our recent decision in United States v. Marine, 413 F.2d 214 (7th Cir. 1969),* and with Whaley v. United States, 324 F.2d 356, 358 (9th Cir. 1963), certiorari denied, 356 U.S. 911, 84 S.Ct. 665, 11 L.Ed.2d 609, I would affirm.

---

* The majority opinion distinguishes the *Marine* case on the ground that there the defendant disputed the issue of knowledge (note 7, *supra*) but here defense counsel questioned defendant's intent. Moreover, the actual holding in *Marine* was that the

Government was entitled to introduce evidence of defendant's prior fraudulent transactions because proof of intent to defraud was an essential element of the offense.