**UNITED STATES of America,
Plaintiff-Appellee,**

*v.*

**Robert Ray SMITH, Defendant-Appellant.**

**No. 18022.**

United States Court of Appeals,
Seventh Circuit.

Oct. 2, 1970.

Rehearing Denied Oct. 16, 1970.

**1110**

Palmer K. Ward, Indianapolis, Ind., for defendant-appellant.

Stanley B. Miller, U. S. Atty., William W. Knowles, Asst. U. S. Atty., Indianapolis, Ind., for plaintiff-appellee.

Before HASTINGS, Senior Circuit Judge, and CUMMINGS and PELL, Circuit Judges.

HASTINGS, Senior Circuit Judge.

Defendant, Robert Ray Smith, was indicted [1] for an alleged violation of the Mann Act, Title 18, U.S.C.A. § 2421 [2]. He was tried to a jury, found guilty and sentenced to a term of three years on the judgment rendered on the jury verdict. Defendant appeals therefrom. We affirm.

Appellant charges as his sole ground of prejudicial error, requiring the reversal of his judgment of conviction, that the trial court improperly permitted another prostitute to testify concerning similar acts of prostitution occurring at a time about two years prior to the date alleged in the indictment, such testimony allegedly being wholly unrelated to the cause on trial.

Defendant was represented at trial and on this appeal by competent privately employed counsel. He did not testify in his own behalf and introduced no evidence after the Government closed its case and rested. We have read the entire brief transcript of the evidence. It stands undisputed.

One Christina Cox testified that in December, 1966 she went to work for defendant as a prostitute and gave her earnings to him until some time in February, 1967. These acts took place in various places in Indiana, Illinois, Pennsylvania and Wisconsin. It was clearly established that defendant purchased the airline ticket in question for cash, gave it to her as charged in the

---

1. The body of the indictment reads:
"That on or about February 6, 1967, at Indianapolis, Indiana, in the Southern District of Indiana, ROBERT RAY SMITH, did knowingly and wilfully procure and obtain American Airlines ticket, Serial Number 0277431 to be used for the transportation in interstate commerce from Indianapolis, Indiana, to Chicago, Illinois, of a woman, that is, Christina Marie Cox, for the purpose of prostitution, debauchery and other immoral purposes in volation of Title 18, U.S.C., Section 2421."

2. The relevant part of § 2421 reads:
" * * * Whoever knowingly procures or obtains any ticket or tickets, or any form of transportation or evidence of the right thereto, to be used by any woman or girl in interstate or foreign commerce, * * * in going to any place for the purpose of prostitution or debauchery, or for any other immoral purpose, * * * whereby any such woman or girl shall be transported in interstate or foreign commerce, * * *
"Shall be fined not more than $5,000 or imprisoned not more than five years, or both."

indictment and generally paid for her transportation or transported her in her interstate prostitution activities for him.

The Government further established its case by the clear and undisputed testimony of special agents of the Federal Bureau of Investigation; airline, hotel and motel employees; and supporting documentary exhibits. It is not and could not be seriously contended that there is insufficient evidence to sustain the jury's verdict of guilt.

The challenged extra-indictment testimony was offered by the Government in concluding its case in chief. Over objection, one Wilma Nell Thomas was permitted to testify that beginning in January, 1965 she engaged in acts of prostitution for defendant and gave her earnings to him. The acts occurred in Gary and Marion, Indiana and in Dayton, Ohio.

The evidence was admitted by the trial court for the limited purpose of showing the criminal intent and purpose of defendant in purchasing the airline ticket in question. The criminal intent of defendant under § 2421 was in issue and the Government had the burden of proof. Further, as the trial court observed, in evidence through the testimony of an FBI agent were defendant's statements that he had never engaged in the business of prostitution, had never acted as an agent for a prostitute and had never taken a girl across a state line, except on one occasion. The Thomas testimony served to impeach defendant's obviously false statements to this effect.

At the time the witness Thomas was first questioned concerning defendant's prior similar transactions, the trial court carefully and meticulously limited the consideration of such testimony by admonishing the jury at length that it could not be considered in determining whether defendant committed the acts charged in the indictment. The trial court further gave its Instruction No. 18 to the jury, following the conclusion of the evidence, in which it correctly stated again the rule concerning the limited use of such extra-indictment similar conduct.

Several factors stand out in this record. Witness Thomas was not a co-defendant in this case. Defendant's attempt to rely on the rule in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) is misplaced. *Bruton* is inapposite to the instant case in this and several other respects. *Cf.* United States v. Lyon, 7 Cir., 397 F.2d 505 (1968), cert. den., Lysczyk v. United States, 393 U.S. 846, 89 S.Ct. 131, 21 L.Ed.2d 117. We also find Lovely v. United States, 4 Cir., 169 F.2d 386 (1948), relied upon by defendant, distinguishable on its facts.

■ Criminal intent was in issue in this case. We find no abuse of discretion on the part of the trial court in permitting this limited use of the proffered evidence. Nor do we find any plain error affecting substantial rights of the defendant within the purview of Rule 52(b), Federal Rules of Criminal Procedure, Title 18 U.S.C.A.[3]

The defendant himself clearly "sharpened" the issue of criminal intent when he stated to the investigating officers that he had *never* been engaged in conduct proscribed by § 2421, *supra*. This court has frequently held in other cases that evidence of similar offenses is admissible if it is closely related to the pattern of the offense charged. United States v. Marine, 7 Cir., 413 F.2d 214, 216 (1969), and cases therein cited.

■ It is conceded, of course, that as a general rule, "evidence of prior criminal acts of an accused, which are not charged in the indictment or information, is inadmissible." United States v. Fierson, 7 Cir., 419 F.2d 1020, 1022 (1969). But, see the cogent dissent of my Brother Cummings in *Fierson*,

3. See, United States v. Eddington, 7 Cir., 328 F.2d 760 (1964), cert. den. 379 U.S. 818, 85 S.Ct. 35, 13 L.Ed.2d 29, and United States v. Krulewitch, 2 Cir., 145 F.2d 76 (1944), and its progeny.

**1112**

419 F.2d at 1024–1025. As he so well observes, Rule 4–04(b) of the Proposed Rules of Evidence for the United States District Courts and Magistrates (Preliminary Draft, March 1969) "accords with present case law in making such an exception" to the general rule. We find such to be the situation in the instant case.

The question whether the events testified to by witness Thomas were too remote in point of time to be relevant was raised by appellant. Timeliness of prior events is but one of the factors to be considered by the trial court. In view of all the circumstances in evidence bearing on the issue in question, we have concluded that the trial court did not clearly abuse its discretion in this regard.

Finally, the record demonstrates that, aside from the challenged testimony of extra-indictment similar offenses, the guilt of defendant was undeniably established beyond all reasonable doubt. Defendant does not contend otherwise.

We find no prejudicial error as charged by appellant and his judgment of conviction will be affirmed.

Affirmed.