**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Alvin JONES, Defendant-Appellant.**

**No. 17706.**

United States Court of Appeals,
Seventh Circuit.

Feb. 18, 1971.

Rehearing Denied March 18, 1971.

Sam Adam, Julius Lucius Echeles, Edward Marvin Genson, Chicago, Ill., for defendant-appellant, Alvin Jones.

William J. Bauer, U. S. Atty., J. Michael Fitzsimmons, Chicago, Ill., for plaintiff-appellee; John Peter Lulinski, Jeffrey Cole, Asst. U. S. Attys., of counsel.

Before CASTLE, Senior Circuit Judge, and CUMMINGS and STEVENS, Circuit Judges.

CASTLE, Senior Circuit Judge.

The defendant, Alvin Jones, was indicted in a ten-count indictment with a codefendant, Ida Hunter. The first six counts related to Hunter alone. Count VII charged both defendants with an unlawful sale of cocaine in violation of 26 U.S.C.A. § 4705(a). Count VIII charged both defendants with possession of cocaine in violation of 21 U.S.C.A. § 174. Counts IX and X charged defendant Jones alone with the possession of cocaine and marihuana, respectively, in violation of 21 U.S.C.A. § 174 and § 176a. Each of these four counts concerns events which allegedly occurred on or about July 10, 1968, at Chicago, Illinois.

Appellant Jones' motion for a severance was granted, and he proceeded to trial before a jury. The jury found him guilty as charged in the indictment. He was sentenced to six years imprisonment on each of Counts VII, VIII, IX and X, the sentences to run concurrently. This appeal followed.

The trial judge gave instructions which the the government tendered concerning the statutory presumption of knowledge of illegal importation attaching to unexplained possession of cocaine or marihuana. The government now concedes that in view of those instructions Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), and Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970),[1] require the reversal of the conviction of the appellant as to Counts VIII, IX and X. In this connection the government points out that there is no evidence contained in the trial record which would show or tend to show that the appellant had knowledge of illegal importation, and, absent the statutory presumption raised by § 174 and § 176a, a conviction could not be sustained. It is suggested that a remand on these counts would serve no useful purpose. We accept the government's appraisal. Accordingly, the judgment order appealed from is reversed without a remand insofar as the convictions on Counts VIII, IX and X are concerned.

The appellant seeks reversal of his conviction on Count VII of the indictment, the remaining count on which he was found guilty, on the basis that: (1) the admission of evidence of his possession of cocaine and marihuana on July 10, 1968, which cocaine and marihuana were found in his apartment during a search conducted under a search warrant immediately following his arrest, deprived him of a fair trial on Count VII; (2) the admission of testimony, over appellant's objection, relating to a sale of cocaine on June 5, 1968, an extra-indictment prior offense, constituted prejudicial error; (3) the admission of hearsay testimony, over appellant's objection, relating to statements attributed to Ida Hunter by the government-agent-purchaser of the cocaine, constituted prejudicial error; (4) the District Court erred in not reopening and redetermining appellant's motion to suppress which challenged the validity of the search warrant, in view of inconsistency between the affidavit for the warrant and the testimony adduced at the trial; and (5) the mandatory sentence to a minimum of five years imprisonment and disqualification for probation incident to a conviction for violation of 26 U.S.C.A. § 4705(a) permit the prosecutor, at his election, to unconstitutionally discriminate between unlawful sellers of narcotics, and also constitute an invalid encroachment upon the judicial power vested in the courts.

---

1. *Leary* and *Turner*, respectively, held the statutory presumption invalid as applied to marihuana and cocaine.

The testimony adduced at the trial may be summarized as follows. On July 10, 1968, government agent Kenneth L. Rhodes telephoned Ida Hunter and inquired concerning the purchase of an ounce of cocaine. It was agreed that Rhodes meet Hunter in front of her house. When he did so, Hunter told him that she had not received a reply from "Alvin" and requested that Rhodes drive her downtown and she would attempt to contact the appellant. On their return from downtown, Hunter stated she would go by the appellant's house. She pointed to the building at 7007 South Clyde where Alvin Jones resided. Rhodes then left Hunter out of his car at her house. Hunter was to meet him later the same day. When Hunter and Rhodes so met she told him that she had talked to "Al" and the price for one ounce of cocaine would be $600. Rhodes gave Hunter the money and let her out of his car. Government agent Stephen G. Young, who was one of the agents conducting the surveillance, observed Hunter leave Rhodes' car, and after waiting five minutes, she was picked up by Alvin Jones. The agent observed Jones pass a brown envelope to Hunter, and then drive Hunter to her residence at 7036 Oglesby. Hunter was then seen to walk down an alley at 7040 Oglesby and go behind some steps. After about 30 seconds she came out from behind the steps and proceeded down the alley, walking directly to Rhodes' car about two blocks away. She directed Rhodes to the alley next to 7040 Oglesby where she stated she had hidden the cocaine. Rhodes went down the alley and recovered a brown envelope from behind the steps pursuant to Hunter's instructions. The envelope contained cocaine in the quantity described in Count VII of the indictment. Later that evening appellant was arrested and a serial number check revealed that the money found on his person was in part the same that had been delivered to Hunter by agent

Rhodes earlier that day. A search warrant executed on the area of appellant's apartment immediately following his arrest revealed additional cocaine and a cache of marihuana in the quantities described in Counts IX and X of the indictment. The appellant testified that Hunter was his former girl friend. He stated that he had seen her on the 10th of July, and also about a week prior thereto. He said that she wanted to resume their relationship but he didn't want anything to do with her. He stated that on July 10, 1968, Hunter gave him some money she owed him for telephone calls and groceries when they had been living together. He denied any knowledge of cocaine or marihuana.

The testimony concerning the prior extra-indictment sale of cocaine [2] was to the effect that on June 5, 1968, thirty-five days prior to the sale charged in Count VII, Ida Hunter received $550 from agent Rhodes for the purchase of cocaine. After receiving the money she alighted from the agent's car and while under surveillance by other agents went directly to the appellant's apartment at 7007 South Clyde. She was observed being admitted by the appellant. When she left the apartment she cut through an alley-way and returned directly to agent Rhodes. She told him where to pick up the cocaine, which was concealed in a cigarette package she had placed in the alley. He found the cocaine pursuant to these directions.

■■ Appellant's contention that the admission of evidence concerning the cocaine and marihuana seized in the search of his apartment taints his conviction on Count VII appears to be premised on an assumption that this evidence was relevant only for the purpose of proving the offenses charged in Counts IX and X with respect to his unlawful possession of cocaine and marihuana. Appellant argues that inasmuch as his convictions on Counts IX and X were admittedly improper he should not

2. This transaction was an extra-indictment prior sale insofar as appellant Jones is concerned. Count V, which named Ida Hunter alone, charged her with this sale.

have been subjected to the prejudice of having this evidence placed before the jury. But, in this connection, appellant overlooks that the evidence concerning the cocaine found in his apartment on July 10, 1968, was relevant and admissible in proving the offense charged in Count VII—his unlawful sale of cocaine to agent Rhodes earlier that evening. It was evidence that he had a supply of cocaine readily and easily available to him on July 10, 1968, from which to make the sale charged in Count VII. Although the evidence of the possession of the marihuana does not share such relevance as to the offense charged in Count VII,[3] we are not convinced that under the facts and circumstances here presented it could have been a significant factor in influencing the verdict of the jury on Count VII. Here the possession of cocaine was shown—that was the damaging evidence. The fact that the same search revealed marihuana was immaterial as to the Count VII offense but not of such magnitude as to support a conclusion that it probably prejudiced a fair trial as to Count VII. Appellant's reliance on United States v. Stevenson, 7 Cir., 409 F.2d 354, is misplaced. In *Stevenson* the possession evidence was the product of an unlawful search and seizure which occurred some eight and one-half months after the date of the sale charged. And, in any event, *Stevenson* does not establish a rule of law that evidence admissible as to one count of a multiple count indictment on which there is a failure of proof requires a new trial, in all instances, on a count on which a conviction was obtained but with respect to which that evidence was not admissible. In *Stevenson* the court found it highly probable that the accused was prejudiced thereby. A contention similar to appellant's was rejected by this Court in United States v. Escobedo, 7 Cir., 430 F.2d 14, 18.

■ We turn to consideration of appellant's argument that the admission, over his objection, of testimony relating to the events and circumstances surrounding the extra-indictment prior sale of cocaine on June 5, 1968, constitutes reversible error. The general rule is that extra-indictment prior criminal conduct is not admissible against an accused. Boyd v. United States, 142 U.S. 450, 12 S.Ct. 292, 35 L.Ed. 1077; United States v. Menk, 7 Cir., 406 F.2d 124, 126. There are, however, exceptions to this general rule of exclusion. United States v. Wall, 7 Cir., 225 F.2d 905, 907; United States v. Iacullo, 7 Cir., 226 F.2d 788, 793; United States v. Phillips, 7 Cir., 375 F.2d 75, 79; United States v. Marine, 7 Cir., 413 F.2d 214, 216; United States v. Hutul, 7 Cir., 416 F.2d 607, 624; United States v. Turner, 7 Cir., 423 F.2d 481, 483–484; United States v. Pate, 7 Cir., 426 F.2d 1083, 1086–1089 and United States v. Smith, 7 Cir., 432 F.2d 1109, 1111–1112.

■■ Evidence of other criminal activities is admissible if it is relevant, unless minor probative value is outweighed by major prejudicial effect. And the balancing of probative value against prejudice is, in the first instance, left to the sound discretion of the trial judge. United States v. Pate, *supra*. Where, as here, the prior extra-indictment conduct involves a similar offense, this Court has frequently held that evidence of such conduct is admissible for the purpose of showing knowledge and intent where the latter are elements of the offense charged in the indictment. United States v. Cobb, 7 Cir., 397 F.2d 416, 417–418; United States v. Hoffman, 7 Cir., 415 F.2d 14, 18–19 and United States v. Hutul, *supra*. But relevance of the evidence for such purpose is not the sole criteria for admissibility. Among other exceptions to the exclusionary rule are the situations referred to in United States v. Turner, *supra*, where the two offenses are so blended or connected that proof of one incidentally involves the other or explains the cir-

---

3. Cf. Enriquez v. United States, 9 Cir., 314 F.2d 703, in which it is held that evidence of the *use* of marihuana is not admissible in a prosecution for the *sale* of heroin.

cumstances thereof. Such evidence is also admissible "if it is so related to or connected with the crime charged as to establish a common scheme or purpose so associated that proof of one tends to prove the other". Bracey v. United States, 79 U.S.App.D.C. 23, 142 F.2d 85, 88.

■ Counts VIII and IX of the indictment charged the appellant with the knowing and fraudulent unlawful possession of cocaine in violation of 21 U.S.C. A. § 174. A § 174 offense requires proof of knowledge and intent. United States v. Phillips, 7 Cir., 375 F.2d 75; United States v. Dillard, 7 Cir., 376 F.2d 365, and Aggers v. United States, 8 Cir., 366 F.2d 744, 748–749. Thus the testimony concerning the June 5, 1968 sale of cocaine was admissible to show knowledge and intent with respect to those counts. However, knowledge or intent is not an element of the offense proscribed by 26 U.S.C.A. § 4705(a) and charged in Count VII. United States v. Balint, 258 U.S. 250, 42 S.Ct. 301, 66 L. Ed. 604;[4] Davis v. United States, 8 Cir., 306 F.2d 317, 318, and Aggers v. United States, *supra.* And, this Court in United States v. Fierson, 7 Cir., 419 F.2d 1020, 1022, held that:

> "Prior criminal acts cannot be proved to show intent when intent is not an element of the offense charged. United ed States v. Menk, [7 Cir., 406 F.2d 124, 126]".

Thus, while the "proof of intent" exception did not qualify the evidence of the prior extra-indictment June 5th sale for admission with respect to the offense charged in Count VII, the relevancy of that evidence did serve to qualify it for admission as to Count VII under the additional exception to the exclusionary rule recognized in the cases we have cited, and referred to in United States v. Turner, *supra.* The June 5th sale of cocaine was a similar offense, proximate in time, involved the same three individuals—the appellant Alvin Jones, Ida

Hunter and agent Rhodes—and an almost identical *modus operandi* was employed. It bore a singular strong resemblance to the pattern of the offense charged. And, it was so related to and connected with the crime charged that the proof of the one tended to corroborate the proof of the other. In our opinion the evidence complained of was admissible with respect to the § 4705(a) offense charged in Count VII although on a ground different from that which made it admissible as to the § 174 offenses for the purpose of showing the element of knowledge and intent required by the latter section. And, the District Court did not abuse its discretion in admitting the evidence concerning the June 5th sale over the appellant's objection.

■ The appellant further contends that the admission of hearsay testimony, over his objection, requires the reversal of his conviction on Count VII. In this connection the appellant complains of the court's rulings permitting agent Rhodes to testify concerning statements he attributed to Ida Hunter, made out of the presence of the appellant, in which testimony Rhodes stated that Hunter told him that the appellant, Alvin Jones, was her source for the cocaine sold to Rhodes. But here there was ample independent evidence that the appellant and Ida Hunter were engaged in a joint venture in the sale of the cocaine, and the appellant's reliance on Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, is inapposite. In the instant case the statements attributed to Hunter fall within the well recognized exception to the hearsay rule that declarations made in connection with a joint venture are admissible against the party who is not present. United States v. Bernard, 7 Cir., 287 F.2d 715, 719–721. *Cf.* McMahan v. United States, 7 Cir., 424 F.2d 1216, 1218.

■ After the selection of the jury, but prior to trial, the appellant

---

4. See also the discussion of Balint in Morissette v. United States, 342 U.S. 246, at pp. 252–260, 72 S.Ct. 240, 96 L.Ed. 288.

moved to quash the search warrant and to suppress the evidence seized thereunder—the cocaine and marihuana found in his apartment in the search following his arrest on July 10, 1968. Testimony was taken from agent Young, whose name did not appear in the complaint for the warrant, and from agent Janet who was the affiant in support of the complaint. Appellant's motion was denied. The affidavit for the warrant recites, *inter alia*, that agent Rhodes "advises that Alvin Jones was seen to pick up [Ida] Hunter after she had delivered cocaine to him [Rhodes] in the early evening of July 10, 1968". At the trial agent Young testified that appellant Jones picked up Hunter before, not after, she delivered the cocaine on July 10, 1968. But the complaint for the search warrant and affidavit in support thereof were not based solely on the recitals concerning the delivery of cocaine on July 10, 1968. Also alleged were transactions on May 21, 1968, and June 5, 1968, in which Hunter sold cocaine to agent Rhodes; that on each such occasion just prior to delivery Hunter had contact with Jones; and that on July 10, 1968, Hunter indicated to Rhodes the location of Jones' apartment and told Rhodes that was the place where her source lived.

The only issues for the trial court to determine with respect to the issuance of the search warrant were whether there was probable cause for the Commissioner to issue the warrant on the basis of what was presented to him at the time of the issuance, and was the trial testimony of agent Young so significant a departure from the facts set forth in the affidavit for the warrant that the trial court should have reconsidered the motion to suppress. The trial court may re-examine the issues presented in a motion to suppress in the light of the testimony presented at trial. Gouled v. United States, 255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647; Cogen v. United States, 278 U.S. 221, 224, 49 S.Ct. 118, 73 L.Ed. 275. *Cf.* DiBella v. United States, 369 U.S. 121, 129, 82 S.Ct. 654, 7

L.Ed.2d 614. And where matters appearing at trial may cast reasonable doubt on the pre-trial ruling it becomes the duty of the trial judge to consider the issue of suppression *de novo*. Rouse v. United States, 123 U.S.App.D.C. 348, 359 F.2d 1014, 1015–1016. But it is within the trial court's discretion to determine the need for such a re-examination. In the instant case the trial court recognized and considered the discrepancy between the affidavit for the warrant and agent Young's trial testimony as to the sequence of events on July 10, 1968, and concluded that this inconsistency did not justify a change in his earlier ruling denying the motion to suppress. We perceive no error in this determination. Apart from the recital concerning the meeting between Hunter and Jones on July 10, 1968, the affidavit for the warrant set forth other facts amply sufficient to justify the issuance of the search warrant.

Appellant's final contention is that the combined effect of a § 4705(a) conviction and the provisions of 26 U.S.C.A. § 7237(b) and (d) requiring a mandatory sentence of at least five years imprisonment and disqualifying the convicted person for probation constitutes an invalid encroachment on the judicial authority constitutionally vested in the courts, and an attempted grant of an unconstitutional discriminatory power to the prosecutor. In the latter connection the appellant urges that the prosecutor's choice in charging him with a § 4705(a) violation rather than a violation of 26 U.S.C.A. § 4704(a) which makes it unlawful to sell a narcotic not in the original stamped package, an offense which does not entail a mandatory prison sentence or disqualification for probation, results in a constitutionally invalid discrimination between him and other unlawful sellers of cocaine who are prosecuted under § 4704(a).

We find both of these contentions wholly devoid of merit. The judicial power vested by the Constitution in the courts includes the right to impose the punishment provided by law for

**468**

the offense involved, but it is "indisputable * * * that the authority to define and fix the punishment for crime is legislative", not judicial in nature. Ex parte United States, 242 U.S. 27, 42, 37 S.Ct. 72, 74, 61 L.Ed. 129. And, in considering the authority vested in the prosecutor to select which statute he should proceed under where the facts and the law give him a choice, the separation of powers doctrine requires that "[w]e must bear in mind that the United States Attorney is an officer of the executive branch responsible primarily to the President, and, through him, to the electorate" and "the courts * * * have no power to control his conduct in matters involving his discretion". Goldberg v. Hoffman, 7 Cir., 225 F.2d 463, 465. The choice here permitted the prosecutor involves neither an abdication by Congress of its legislative function to prescribe the punishment for a federal offense nor an impermissible discrimination between offenders.

The judgment order of conviction and sentence herein is reversed without a remand insofar as the convictions and sentences on Counts VIII, IX and X of the indictment are concerned. The judgment order is affirmed as to the conviction and sentence under Count VII of the indictment.

Reversed on certain counts and affirmed on remaining Count VII.