**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John Joseph AHERN and Carl Eugene Hines, Defendants-Appellants.**

**Nos. 78–1730, 78–1731.**

United States Court of Appeals,
Tenth Circuit.

Argued Sept. 12, 1979.
Decided Jan. 3, 1980.

James E. Edmondson, Asst. U. S. Atty., Muskogee, Okl. (Julian K. Fite, U. S. Atty., Muskogee, Okl., on brief), for plaintiff-appellee.

James D. Wadley, McAlester, Okl. (Gene Stipe of Stipe, Gossett, Stipe, Harper & Estes, McAlester, Okl., on brief), for defendants-appellants.

Before McWILLIAMS, BREITENSTEIN and LOGAN, Circuit Judges.

McWILLIAMS, Circuit Judge.

Ahern and Hines were each convicted by a jury on charges of conspiracy, 18 U.S.C. § 371, violation of the Mann Act, 18 U.S.C. § 2421, and violation of the Travel Act, 18 U.S.C. § 1952(a)(3). On appeal both defendants raise essentially the same matter: (1) permitting the wives of the two defendants to testify against the defendants over the latters' objections; (2) refusal of the district court to grant a new trial when a prosecution witness, Connie Reese Hines, wife of the defendant Hines, recanted certain testimony given by her at trial; (3) admission of evidence tending to show the commission by Hines of other offenses than the ones charged; and (4) the alleged insufficiency of the evidence to sustain a conviction as to either defendant. We find no error, and affirm.

Connie Reese and her sister, Marilyn Reese, were presumably married at some point in time to defendants Hines and Ahern respectively. Connie and Marilyn each testified that Ahern and Hines transported them from Madill, Oklahoma, to Little Rock, Arkansas to work as prostitutes, and that they did in fact engage in prostitution in Little Rock, Arkansas, turning the proceeds gained from their endeavors over to the defendants. The Government called some five additional witnesses. At the conclusion of the Government's case, the defense also rested, not calling any witnesses. Without detailing the sordid story, it is sufficient to state that the evidence is amply sufficient to support the convictions of the two defendants.

As indicated, Connie Reese Hines and Marilyn Reese Ahern testified as Government witnesses. Objection was made to their testimony on the ground that such violated the husband-wife marital privilege. This objection was overruled and the two were permitted to testify. We find no error in this ruling.

This is not the case to get involved in any definitive discussion as to the scope of the husband-wife marital privilege rule. We simply note two things: (1) Both Connie Reese and Marilyn Reese testified voluntarily against their reputed husbands; and (2) Connie and Marilyn were each the "victim" of the defendants' criminal acts. The instant case is governed by *Wyatt v. United States*, 362 U.S. 525, 80 S.Ct. 901, 4 L.Ed.2d 931 (1960). *Hawkins v. United States*, 358 U.S. 74, 79 S.Ct. 136, 3 L.Ed.2d 125 (1958) is

inapposite. See also *Hayes v. United States*, 168 F.2d 996 (10th Cir. 1948).

 The defendants also urge as ground for reversal the denial by the district court of their motion for a new trial based on newly discovered evidence. The newly discovered evidence was set forth in an affidavit of Connie Reese in which she recanted a part, but by no means all, of the testimony given by her at trial. The district court considered this matter quite carefully and concluded that even assuming the truth of the statements in the affidavit, such would not have changed the outcome of the trial. We find no abuse of discretion on the part of the court.

Recantation of testimony given under oath at trial is not looked upon with favor. Indeed, such is generally looked upon with downright suspicion. *United States v. Lewis*, 338 F.2d 137 (6th Cir. 1964), *cert. denied*, 380 U.S. 978, 85 S.Ct. 1342, 14 L.Ed.2d 272 (1965). In any event, a motion for a new trial based on newly discovered evidence is a matter addressed to the sound discretion of the trial court. *United States v. Maestas*, 523 F.2d 316 (10th Cir. 1975) and *Wion v. United States*, 337 F.2d 230 (10th Cir. 1964).

Hines complains that the trial court improperly admitted evidence tending to show that two years prior to the dates of the offenses for which he was charged he was engaged in prostitution activities involving his alleged wife, Connie Reese Hines, and others. At the time when such evidence was received, the trial court gave a cautionary instruction. We think that such evidence was properly admitted as bearing on the issues, intent, plan, knowledge, absence of mistake, and the like. See *United States v. Beathune*, 527 F.2d 696 (10th Cir. 1975), *cert. denied*, 425 U.S. 996, 96 S.Ct. 2211, 48 L.Ed.2d 821 (1976) and *United States v. Smith*, 432 F.2d 1109 (7th Cir. 1970), *cert. denied*, 401 U.S. 911, 91 S.Ct. 875, 27 L.Ed.2d 810 (1971). *United States v. Burkhart*, 458 F.2d 201 (10th Cir. 1972), relied on by the defendants, is inapposite.

Judgments affirmed.