F I L E D
United States Court of Appeals
Tenth Circuit

OCT 14 2004

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MAURICE PRENTICE KENT,

Defendant-Appellant.

No. 04-5001
(D.C. No. 03-CR-03-K)
(Northern District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **McWILLIAMS**, Senior Circuit Judge, and **PORFILIO**, Senior Circuit Judge.[**]

In a two-count indictment filed in the United States District Court for the Northern District of Oklahoma, Maurice Prentice Kent ("defendant") was charged as follows: in Count 1, he was charged with breaking into a dwelling house of an adult female, C. S., on November 3, 2002, with an intent to commit some crime therein and that the breaking and

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] Neither party requested oral argument. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

entering was committed by "forcefully bursting and breaking" an outer door of the house, located in the Northern District of Oklahoma, in Indian Country, in violation of 18 U.S.C. §§ 1151 and 1153, and 21 Okla. Stat. §§ 1431 and 1436; and, in Count 2, he was charged with knowingly causing C. S. to engage in a sexual act by force, in violation of 18 U.S.C. §§ 1151, 1153, 2241 and 2246. A jury convicted the defendant on both counts. In a motion for new trial, the defendant claimed his conviction on Count 2 should be vacated because the alleged victim, C. S., who had testified at trial that the defendant had forcibly raped her, had, since the trial, recanted her testimony and now said that her "encounter" with the defendant was consensual. An evidentiary hearing was held on the motion for a new trial, at which time C. S. was defendant's sole witness. She then testified that her "encounter" with the defendant on November 3, 2002, was consensual. Supplemental briefs were thereafter filed. The district court later in a written order denied the motion for a new trial. The defendant was then sentenced to imprisonment for 121 months on each count, to be served concurrently, to be followed by three years supervised release on Count 1 and five years of supervised release on Count 2, also to be served concurrently. A fine of $1,500.00 was also imposed.

On appeal, defendant challenges his conviction on Count 2, claiming that the district court abused its discretion in denying his motion for new trial on Count 2, based on C. S.'s post-trial "recantation." There is no challenge, as we understand it, to defendant's conviction on Count 1, or the sentence imposed thereon.

Limited background facts will put the single issue raised in this appeal in focus. The defendant and C. S. are both Osage Indians and C. S., a legal secretary, lives in Indian Country in the Northern District of Oklahoma. The defendant and C. S. were not "strangers" and had been "dating," off and on, for several years, but had supposedly ended their relationship in September, 2002. In this general connection, the defendant is the father of C. S.'s one-year old daughter. It was the government's theory of the case that, on the night here in question, the defendant "kicked in" C. S.'s front door, shattering the doorjamb, entered the house, and that he later raped her. In support thereof, C. S. testified at trial that the defendant broke into her house in the early morning hours on November 3, 2002, and, after much quarreling and bickering between the two, he forcibly raped her. C. S. also testified at the trial that, after the defendant raped her, she eventually ran out into her yard, naked, where she retrieved some clothing from her car. She testified that the defendant then came out of the house and "tackled her." This was witnessed by a neighbor who called the police. The police arrived at the scene as the defendant was taking C. S. back into her home. The defendant told the police that his encounter with C.S. was consensual. However, at trial, the defendant exercised his constitutional right not to testify. The only defense witness was defendant's mother.

As indicated, after his conviction on both counts of the indictment, the defendant, in a motion for a new trial on Count 2, stated that after the trial C. S. had "recanted" and that she now agreed that theirs was a consensual encounter. At the hearing on the motion

for new trial, C. S., as a defense witness, so testified.  The defendant did not testify at the hearing.  At that same hearing, the government called a witness, C. S.'s cousin, who testified that C. S. told him that she "changed her mind" after the defendant was convicted, because she heard that his sentence was going to be about seventeen years in prison, and that earlier she had not realized the length of the sentence he was possibly going to receive.

The denial of a motion for new trial, based on newly discovered evidence, is renewed for "abuse of discretion."  *United States v. Combs,* 267 F.3d 1167, 1176 (10th Cir. 2001).  A district court abuses its discretion when its decision is "arbitrary, capricious, whimsical or manifestly unreasonable."  *Id.  See also, United States v. Youngpeter,* 986 F.2d 349, 356 (10th Cir. 1993) (a motion for a new trial based on newly discovered evidence is not regarded with favor, and should be granted only with great caution); and *United States v. Ahern,* 612 F.2d. 507, 509 (10th Cir. 1980) ( "[r]ecantation of testimony given under oath at trial is not looked upon with favor.  Indeed, such is generally looked upon with downright suspicion").

The district court held an evidentiary hearing on defendant's motion for a new trial, as well it should have, and concluded that there was "no basis for choosing one testimony over the other and under the applicable standard, the trial testimony trumps." Reviewing the record, we cannot say that the district court's decision was "arbitrary, capricious, whimsical or manifestly unreasonable."  Where so-called "new evidence" is

the recantation of the victim's trial testimony, the trial court must first be satisfied that the challenged testimony was false. *United States v. Pearson,* 203 F.3d 1243, 1274 (10th Cir. 2000). In concluding that C. S.'s trial testimony was true, and not false, the district court did not abuse its discretion. The "circumstances" of the case, relied on by defendant as indicating that C. S. testified falsely at trial, are not such as would compel the district court to grant defendant's post-trial motion to vacate his conviction on Count 2 and order a new trial.

Judgment affirmed.

ENTERED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge